DAVID R. ROSE, receiver of the property and things in action of Edward W. Brickner, Sr., complainant-appellant,

*v.*

ERNEST REIN, EDWARD W. BRICKNER, SR., and LOUIS SCHAUB, JR., defendants-respondents.

[Argued February 6th, 1934. Decided May 4th, 1934.]

*Mr. David R. Rose,* for the appellant.

*Mr. T. Harry Rowland,* for the respondents.

The opinion of the court was delivered by

HETFIELD, J.

The bill in this case was filed to foreclose a mortgage securing a bond of $3,000, dated December 26th, 1922, payable one year from the date thereof, given by one Ernest Rein and wife to Edward W. Brickner, who, on September 14th, 1931, delivered the bond and mortgage to one Louis Schaub, together with a paper-writing signed by him which stated: "Moorestown, N. J., September 14th, 1931. I, Edward Brickner, Sr., do hereby agree to give Louis Schaub power of attorney to handle to the best advantage with a mortgage I put in his possession for a loan of $2,400 he gave me this day, at the rate of six per cent. any time I am short in paying Louis Schaub his interest." The fact is not disputed that these documents were given to Schaub as security for money advanced to Brickner, as set forth in the signed statement, and that $800 of said amount was paid to him when the delivery was made. The Burlington County Traction Company obtained a judgment in the supreme court against Brickner and others, on July 15th, 1932, in the sum of $2,661.67. After execution had been issued, and returned unsatisfied, an order, in aid of execution, was made by the court on December 5th, 1932, appointing the present com-

plainant receiver of the property and things in action of Brickner, and particularly, among other things, of the bond and mortgage in question. At the time the receiver was appointed, there was due on said mortgage all of the principal, with interest from June 26th, 1932, it appearing that the interest had not been paid because same had been claimed by both Brickner and the receiver. The receiver then demanded payment from Rein, of both principal and interest, which was refused, and as a result, foreclosure proceedings were instituted, and Rein, the mortgagor, Brickner, the mortgagee, and Schaub, the assignee of the mortgage, were made party defendants. The bill alleges in part, that any interest which Schaub may have in the mortgage, is subject and subordinate to the execution of the trust company, and the lien and title of complainant, as receiver, while both Rein and Schaub, in their answer, deny that the receiver has any interest or title by reason of the delivery of same, with the paper-writing, to Schaub.

There was no material dispute as to the facts at the final hearing before the vice-chancellor, who dismissed the bill without prejudice to any right the receiver might have to institute another action. The final decree was entered accordingly from which this appeal is taken. The learned vice-chancellor stated in effect, when arriving at his conclusions, that the complainant had brought suit without having possession of the bond and mortgage in which the defendant Schaub's rights were prior to the receiver's; that the receiver would be entitled to any money realized on the security over and above the amount due Schaub, who had lawful possession of the bond and mortgage; and that the mortgagor did endeavor to pay the interest but was prevented because of the dispute between Schaub and the receiver, and further because of this it would be manifestly unfair and unequitable to the mortgagor, Rein, to subject him to foreclosure proceedings.

The respondents have rendered no assistance to this court in its consideration of this appeal, as they were not represented at the argument, and no brief has been filed in their behalf. The appellant argues that it was error to postpone

the lien of the execution creditor and title of the receiver to the claim of the defendant Schaub, as the evidence warranted a finding that any claim or title of Schaub was subordinate to the execution and title of the receiver. We find no merit in this contention, as the paper-writing delivered with the mortgage, which was not recorded, constituted a valid assignment in equity; and as the bond and mortgage was a *chose in action,* it could have been assigned by mere delivery, without writing, and still be good in equity. *Bower* v. *Hadden Blue Stone Co., 30 N. J. Eq. 171; affirmed, Ibid. 340; Shannon* v. *Mayor, &c., of Hoboken, 37 N. J. Eq. 123; Galway* v. *Fullerton, 17 N. J. Eq. 389; Daly* v. *New York and Greenwood Lake Railway Co., 55 N. J. Eq. 595; affirmed, 57 N. J. Eq. 347.* It is further argued, that an unrecorded assignment of mortgage is void as against subsequent judgment creditors, without notice; and we are referred, in support of this contention, to the Conveyance act, as well as *P. L. 1931 p. 887* § *4.* This court has held that section 54 of the Conveyance act (*2 Comp. Stat. p. 1532*), which provides that certain unrecorded instruments shall be void as against subsequent judgment creditors, is not applicable to assignments of mortgage. *Leonard* v. *Leonia Heights Land Co., 81 N. J. Eq. 489.* The part of the 1931 act referred to, does not include assignments of mortgage. The appellant also relies on that part of the "Act concerning mortgages," which refers to assignments of mortgages (*3 Comp. Stat. p. 3418*), but an examination of this statute shows that it is silent as to subsequent judgment creditors, and in the case of unrecorded assignments, only protects persons who deal with the assignor as if he were still the holder of the mortgage, by making payment for the release of said mortgaged premises, or any part thereof. The mortgage was assigned and delivered approximately ten months prior to the entry of the judgment in question; and as Schaub was a *bona fide* assignee, of said mortgage, for value, he took it free from all latent equities existing in favor of third parties against the mortgagor. *New Jersey Discount Co.* v. *Telesca, 101 N. J. Eq. 426; Geo. F. Perry & Sons, Inc.,* v. *Mand, 110 N. J. Eq. 111;*

*McMurtry* v. *Bowers, 91 N. J. Eq. 317, 320.* It therefore follows, that the right of Schaub in the mortgage was superior to that of the receiver representing the judgment creditor. We think, however, that it was error to dismiss the bill of complaint. While an assignee of a mortgage has a right to foreclose same in his own name, such right is not an exclusive one, as it seems to be well settled that where the owner of a mortgage has pledged it as collateral security for a debt of less amount than the mortgage, he still has such interest as entitles him to bring an action for the foreclosure of the mortgage, making the assignee a party to such proceeding. *Derechinsky* v. *Epstein, 98 N. J. Eq. 79; affirmed, 99 N. J. Eq. 447.* Brickner had not divested himself of all interest or control over the mortgage. As he had collected the interest from the mortgagor, and retained same, after the assignment, the assignment was a partial one, made to secure the payment of the loan, which was less than the amount due on the mortgage. In equity, he was still the owner, subject only to the lien for the loan. If Schaub, as assignee, had foreclosed the mortgage, he would have been deemed a trustee for the mortgagee and all the mortgage debt after satisfying his claim. There is no question but what the receiver was vested with all the rights and interest which Brickner may have had at the time the judgment was entered; and that being so, was entitled to a decree for the sale of the mortgaged premises, with the provision that Schaub, the assignee, should have the first lien on the money received from such sale. Whether the receiver had possession of the bond and mortgage is immaterial, as these documents were produced, on notice, at the hearing, and offered in evidence. It might have been unfair to the mortgagor, to subject him to foreclosure proceedings, under the circumstances, were it not for the fact that the principal on the mortgage had been due and payable since December 26h, 1923; and there is no reason why the receiver should be restrained from foreclosing because the mortgagor was unable to ascertain what parties were entitled to the interest.

The decree of the court of chancery is therefore reversed,

and the case remanded to that court, in order that a decree may be made in accordance with the views herein expressed.

*For affirmance*—None.

*For reversal*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, LLOYD, CASE, BODINE, DONGES, HEHER, PERSKIE, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, DILL, JJ.   15.