JAMES S. TRACY, complainant-appellant,

*v.*

LOUIS COSTA and MARY COSTA, defendants-respondents.

[Submitted May 19th, 1942.   Decided October 15th, 1942.]

*Mr. Edward W. Currie,* for the appellant.

*Messrs. Ackerson, Van Buskirk & Philo* (*Mr. Melvin A. Philo,* of counsel), for the respondents.

Per Curiam.

The parties herein are the owners, as tenants in common, of certain premises situate in Monmouth County, appellant having a two-thirds undivided interest therein and respondents having the remaining one-third undivided interest.

Respondent's title devolves through the foreclosure of a mortgage made to Louis Costa, one of the respondents, by one Hines, which covered, amongst other parcels, the one-third interest in the premises here involved then owned by Hines as one of the devisees of his father. This mortgage was duly recorded in Monmouth County clerk's office October 2d, 1924. Final decree in the foreclosure was entered in April, 1939, and the matter concluded by the delivery of the sheriff's deed to Louis Costa in October, 1939, the same being thereafter duly recorded.

In December, 1932, all of the devisees of the elder Hines joined in a conveyance of the premises to Alfred Tracy, who in October, 1937, conveyed the same to his brother, James S. Tracy, appellant herein, who states here that, under this conveyance, he succeeded to all equitable claims and interests of his grantor in the premises in addition to legal title.

It is conceded that, by virtue of the foreclosure action, Costa succeeded to a one-third undivided interest in the legal title.

Upon taking title, Alfred Tracy made expenditures in the payment of certain taxes, water rents and insurance premiums then in arrears and, as well, paid off and caused to be canceled of record a mortgage executed by the elder Hines in his lifetime or by his predecessor in title and which was paramount in lien to the mortgage held by Costa. Shortly thereafter Alfred Tracy also made certain repairs and improvements to the premises.

It is the contention of James S. Tracy that, prior to proportionate distribution of the proceeds of the sale incident to a suit in partition instituted by him on September 27th, 1939, he should be first reimbursed for these expenditures and disbursements made by his brother. The learned Vice-Chancellor, before whom the matter was submitted upon an

agreed statement of facts, decided adversely to this claim and from the decree entered pursuant thereto this appeal is made.

The argument made generally for appellant is that at the time his brother made the disbursements and improvements to the premises he was unaware of the existence of the Costa mortgage; that the moneys expended made the premises tenantable and saved the property from loss by mortgage or tax foreclosure, and, further, that Costa made no contribution to this enhancement in value to the premises. But it is the settled law that the grantee of premises is chargeable with notice of the existence of the prior mortgage as this fact might have been ascertained by reference to the chain of title as spread forth upon the public records. *Wallace* v. *Silsby and Martin, 42 N. J. Law 1, 4; Mitchell* v. *D'Olier, 68 N. J. Law 375, 384; Lembeck & Betz Eagle Brewing Co.* v. *Barbi, 90 N. J. Eq. 373, 376; affirmed, 91 N. J. Eq. 533;* and that improvements to mortgaged premises inure to the benefit of the mortgagee. *Morris* v. *Glaser, 106 N. J. Eq. 585, 614; affirmed, 110 N. J. Eq. 661; Holloway* v. *Hendrick, 98 N. J. Eq. 713, 715.* We must assume that the mortgage was in common form and provided that the mortgagor or his successor in title was obligated to the payment of taxes, insurance premiums, &c. Thus there appears to be no equity in appellant superior to the rights of the mortgagee.

In the foreclosure of the Costa mortgage, Alfred Tracy and James S. Tracy were made defendants therein and it was there asserted that any rights they or either of them may have in the premises, in so far as the interest of the mortgage was concerned, were subject and subordinate to the lien of the mortgage. Responding to this challenge defendants should have pleaded as matter of defense the contention relied upon in the instant case. *Ocean County National Bank* v. *J. Edwin Ellor & Sons, Inc., 116 N. J. Eq. 287, 292.* But they made no answer to the foreclosure suit and they now stand barred by the decree from claiming such interest.

It is suggested, in justification of the claim for reimbursement, that by virtue of his mortgage Costa had received a

conveyance of the legal estate of the mortgagor and the mortgage being in default during the entire period when these expenditures and disbursements were made, he became entitled to .possession of the interest covered by the mortgage and hence was a co-tenant and chargeable proportionately with these expenditures and disbursements. This argument overlooks the fact that so long as the mortgage continued it was merely a lien on the portion of the premises described in the mortgage and that until the title of the mortgagee became absolute by a completed foreclosure the estate is to be considered as one belonging to the mortgagor or his successor in title. There was no unity of possession characterizing co-tenancy until the completion of the foreclosure in 1939.

We have carefully examined the other points made in the brief of appellant and find the argument made to be without merit. The principles of law cited and to which we are referred must be disregarded as being without application or as mere abstraction.

The decree appealed from is affirmed.

*For affirmance*—THE CHIEF-JUSTICE, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, PORTER, COLIE, DEAR, WELLS, RAFFERTY, HAGUE, THOMPSON, JJ. 14.

*For reversal*—None.