**UNITED STATES of America,
Appellee,**

v.

**Morris C. GOLDBERG, a/k/a Moe Goldberg, a/k/a M. C. Goldberg, et al.,
Rose Satkoff, Appellant.**

**No. 15677.**

United States Court of Appeals
Third Circuit.

Argued April 22, 1966.

Decided July 8, 1966.

Rehearing Denied Aug. 2, 1966.

See also 3 Cir., 349 F.2d 633.

Ronald N. Rutenberg, Philadelphia, Pa. (Harry A. Rutenberg, Rutenberg, Rutenberg & Rutenberg, Philadelphia, Pa., on the brief), for appellant.

Marco S. Sonnenschein, Tax Div., Dept. of Justice, Washington, D. C., Edwin P.

Rome, Philadelphia, Pa. (Richard M. Roberts, Acting Asst. Atty. Gen., Lee A. Jackson, Joseph Kovner, Attys., Dept. of Justice, Washington, D. C., Drew J. T. O'Keefe, U. S. Atty., on the brief), for appellees Breen, Weinrott—Receivers for Pennsylvania Laundry Co.

Before KALODNER, GANEY and SMITH, Circuit Judges.

WILLIAM F. SMITH, Circuit Judge.

This action to enforce a federal tax lien and for the appointment of a receiver was brought under §§ 7403(a) and (d) of the Internal Revenue Code of 1954, 26 U.S.C., §§ 7403(a) and (d), 1954. The present appeal is from the denial of a claim filed by a creditor of the taxpayer during the course of the proceedings. The questions raised in the court below, and now before us for decision, pertain to the validity of a mortgage assignment, the effectiveness of the tax lien, and the order of priority. These questions were submitted to the court below on a stipulation of facts.

The Pennsylvania Laundry Company, a Pennsylvania corporation having its principal place of business in Philadelphia, was the holder of a mortgage on real property located in Atlantic County, New Jersey. The mortgage, given to secure a note, was duly recorded in the said county pursuant to the applicable local statute. An assessment for unpaid income taxes for the years 1954–57, inclusive, was made against the Company on July 12, 1962, and on the same date a notice of lien was filed in the office of the Prothonotary of Philadelphia County. Approximately five months later one Rose Satkoff, the appellant, purchased a one-fourth interest in the mortgage for the sum of $8,500. This transaction was made the subject of a written assignment which was admittedly not recorded. On May 12, 1964, a duplicate notice of the federal tax lien was filed in Atlantic County.

Pursuant to an order of the court, entered on the petition of the receivers, the note and mortgage were sold and assigned to one Nicholas A. Canuso for the total sum of $30,000. Thereafter the appellant filed a petition in which she asserted a claim to a proportional share of the proceeds, together with interest thereon. This petition was properly dismissed but on grounds we find to be erroneous. The court below held that (1) under the assignment the appellant acquired an interest in real property, and (2) her failure to record the assignment rendered it void. These holdings are predicated upon an erroneous view of New Jersey law.

EFFECT OF MORTGAGE ASSIGNMENT

■ The nature of the interest acquired by the appellant under the assignment was the same as that held by the Company under the mortgage, and the latter must be determined under local law. Aquilino v. United States, 363 U.S. 509, 512, 513, 80 S.Ct. 1277, 4 L.Ed.2d 1365 (1960). Although some of the early New Jersey decisions followed the common law rule that a mortgage on real property was a conditional conveyance of title, this is no longer the law. Sears, Roebuck & Co. v. Camp, 124 N.J.Eq. 403, 1 A.2d 425, 428, 118 A.L.R. 762 (Ct.Err. & App.1938). The historical development of the new rule is discussed in the cited case.

■ The present rule is stated in the leading case of Camden Trust Co. v. Handle, 132 N.J.Eq. 97, 26 A.2d 865, 868, 154 A.L.R. 602 (Ct.Err. & App.1942) as follows:

"A mortgage does not vest in the mortgagee an *immediate estate in the land* with the right of immediate possession, defeasible upon the payment of the mortgage money, but merely gives him a right of entry upon breach of the condition, in which event his estate has all the incidents of a common law title, including the right of possession subject to the equity of redemption, and, meanwhile, the mortgagor is deemed the *owner of the lands for all purposes.* The mortgage is treated as essentially a security for the debt." (Emphasis supplied).

The same rule was followed in Tracy v. Costa, 132 N.J.Eq. 455, 28 A.2d 523 (Ct. Err. & App.1942) and Vineland Savings & Loan Ass'n v. Felmey, 12 N.J.Super. 384, 79 A.2d 714 (Super.Ct.1950).

It is clear that under the present law the mortgage vested in the Company nothing more than a lien which it held as security for the debt due under the note Absent default and foreclosure, the mortgagor remained the owner of the lands for all purposes. The note and mortgage constituted a unitary obligation which was nothing more than a chose in action.

## EFFECT OF RECORDING STATUTES

It is provided by statute, N.J.S.A. 46:-16–1, as amended, that deeds and instruments "affecting the title to real estate," including mortgage assignments, may be recorded. It is similarly provided, N.J.S.A. 46:22–1, that such deeds and instruments shall, unless recorded, be void against "subsequent judgment creditors without notice." These provisions were taken without substantial change from §§ 21 and 54 of the Conveyance Act of 1898 as amended. 2 Comp.St.1910, pp. 1532 and 1553. It has been held that § 54 of the said Act, the counterpart of § 46:22–1, as properly construed, was not applicable to the assignments of mortgages on real property. Leonard v. Leonia Heights Land Co., 81 N.J.Eq. 489, 87 A. 645, 648 (Ct.Err. & App.1913); Rose v. Rein, 116 N.J.Eq. 70, 172 A. 510, 512 (Ct. Err. & App.1934).

An assignment of a "mortgage upon real estate" may be recorded pursuant to N.J.S.A. 46:18–3. The related section which follows, N.J.S.A. 46:18–4, provides that such an assignment, duly recorded, shall "be notice to all persons concerned that [the] mortgage is so assigned." Section 46:22–4 N.J.S.A., provides as follows: "If an assignment of any mortgage upon real estate is not recorded * * *, any payments made to the assignor in good faith and without actual notice of such assignment, * * * shall be as valid as if such mortgage had not been assigned." The cited sections are in substance re-enactments of §§ 31, 32 and 34

of an Act Concerning Mortgages, 3 Comp. Stat.1910, pp. 3418 and 3419.

It was held in Rose v. Rein, supra, that §§ 32 and 34 of the said Act, the counterparts of existing provisions, were applicable in the case of an unrecorded assignment of a real property mortgage. It was further held in the same case that the sections afforded protection only to "persons who deal with the assignor as if he was still the holder of the mortgage, by making payments for the release of * * * mortgaged premises or any part thereof."

## FEDERAL QUESTIONS

█ █ The mortgage assignment must be regarded as valid notwithstanding the appellant's failure to record it. However, it does not follow that the appellant is entitled to prevail on this appeal. There remains for determination the questions concerning the effectiveness of the federal tax lien and the order of priority, and these must be decided under federal law. United States v. Brosnan, 363 U.S. 237, 240, 80 S.Ct. 1108, 4 L.Ed.2d 1192 (1960).

The notice of tax lien was filed in Philadelphia County pursuant to 80 S.Ct. 1108, 4 L.Ed.2d 1192 § 141 of 74 P.S., which provides that such notices "shall be filed * * * in the office of the prothonotary of the county or counties in this State within which the property subject to * * * lien is situated." The appellant here contends that this filing was ineffective as to her. This contention is clearly without merit; it is predicated upon a premise hereinabove rejected as erroneous.

█ █ As a chose in action the note and mortgage was intangible personal property the situs of which, for the purposes of § 6323 of Title 26 U.S.C.A. (1954), was in Philadelphia County, the Company's principal place of business. Walker v. Paramount Engineering Company, 353 F.2d 445 (6th Cir. 1965); Marteney v. United States, 245 F.2d 135 (10th Cir. 1957); Grand Prairie State Bank v. United States, 206 F.2d 217 (5th Cir. 1953); Investment & Securities

578

Co. v. United States, 140 F.2d 894 (9th Cir. 1944); Mertens, Law of Federal Income Taxation, § 54.42. The federal tax lien attached to the note and mortgage when the taxes were assessed. 26 U.S.C.A. § 6322 (1944). It became effective against any pledgee or purchaser who acquired an interest after the notice had been filed. 26 U.S.C.A. § 6323 (1954). Ibid.

The subsequent transfer of an interest in the note and mortgage to the appellant could not displace or diminish the tax lien. United States v. Bess, 357 U.S. 51, 57, 78 S.Ct. 1054, 2 L.Ed.2d 1135 (1958); United States v. Leventhal, 114 U.S.App.D.C. 340, 316 F.2d 341 (1963); Seaboard Surety Company v. United States, 306 F.2d 855 (9th Cir. 1962), and the other cases cited in the preceding paragraph. Whether we follow the statutory scheme of priority or the common law rule approved in United States v. Pioneer American Insurance Co., 374 U.S. 84, 87, 83 S.Ct. 1651, 10 L.Ed.2d 770 (1963), the tax lien was superior to any claim that the appellant might have had as a subsequent purchaser of an interest in the note and mortgage.

The order of the court below will be affirmed.