**MURRAY COUNTY STATE BANK, Respondent,**

v.

**MILWAUKEE MUTUAL INSURANCE CO., Appellant.**

No. C3–93–1885.

Court of Appeals of Minnesota.

March 8, 1994.

Review Denied May 3, 1994.

William J. Wetering, Hedeen, Hughes & Wetering, Worthington, for respondent.

Douglas R. Archibald, Thomas F. Ascher, Cosgrove, Flynn, Gaskins & O'Connor, Minneapolis, for appellant.

Considered and decided by FORSBERG, P.J., and CRIPPEN and AMUNDSON, JJ.

## OPINION

FORSBERG, Judge.

After a homeowner defaulted on his mortgage he transferred title by quitclaim deed to the mortgagee bank. Thereafter, while the homeowner's insurance was still in effect, the home was destroyed. The bank made a claim under the homeowner's insurance policy. The claim was denied and the bank commenced the present lawsuit. The parties made cross-motions for summary judgment based on stipulated, undisputed facts. Judgment was entered in favor of the plaintiff bank, and we affirm.

## FACTS

Byron and Doris Tandler entered into a contract for deed with Murray County State Bank (the Bank) for the purchase of certain real estate in Lake Wilson, Minnesota. As required by the contract for deed, the Tandlers obtained homeowner's insurance on the property. The insurer was Milwaukee Mutual Insurance Company. The Bank was named as the mortgagee on the face of the policy.

Subsequently, Mrs. Tandler died and Mr. Tandler defaulted on the contract for deed. On May 18, 1992, Mr. Tandler conveyed his

interest in the property to the Bank by quit-claim deed so as to avoid the expense and inconvenience of a foreclosure. Tandler did not cancel his insurance on the property that was in effect until June 21, 1992.

On June 16, 1992, the home was destroyed by a tornado. As owner of the property in fee simple, the Bank made a claim under the insurance policy. The claim was denied. The Bank submitted a claim for its loss under a banker's foreclosure property policy and was paid $31,500. The Bank then commenced the present action to recover the amount outstanding under the policy from Milwaukee Mutual.

The parties filed cross-motions for summary judgment on stipulated facts. The trial court found in favor of the Bank and awarded $47,600 in damages, the difference between the face value of the policy and the banker's insurance recovery. Milwaukee Mutual appeals from entry of judgment.

### ISSUES

1. Did the district court err by finding the Bank was insured under the home-owner's policy on which it was named as a mortgagee, not as a fee simple owner?

2. If the Bank had an insured interest, what was the amount recoverable?

### ANALYSIS

■ Summary judgment is appropriate where the pleadings show no genuine issues as to any material fact, and that the moving party is entitled to judgment as a matter of law. Minn.R.Civ.P. 56.03. Since the facts are stipulated here, the issues on appeal are exclusively questions of law. A reviewing court is not bound by, and need not give deference to, a trial court's determination of a purely legal question. *Frost–Benco Elec. Ass'n v. Minnesota Public Utils. Comm'n*, 358 N.W.2d 639, 642 (Minn.1984).

■ Appellant claims the district court erred in finding the Bank was insured because it failed to give notice when it took title to the property as owner in fee simple. The relevant policy language recognizes and insures the Bank as a mortgagee. The policy goes on to state that even if a claim is denied,

the denial will not apply to valid claims of the mortgagee so long as the mortgagee notifies the insurance company "of any change in ownership, occupancy or substantial change in risk of which the mortgagee is aware." It is undisputed that this notice was not provided.

■ Language requiring notice of change of ownership applies to third party transactions. "The proviso has reference to a change or transfer of title or possession to a third person, not to one from the mortgagor to the mortgagee through a foreclosure." *Pioneer Sav. & Loan Co. v. St. Paul Fire & Marine Ins. Co.*, 68 Minn. 170, 172, 70 N.W. 979, 980 (1897). The Bank was not an unknown third party. The district court properly determined a mortgagor/mortgagee transfer is not a change of ownership for purposes of a mortgage clause and therefore is not subject to the notice requirement.

Appellant seizes on the language from the *Pioneer Sav.* case referring to transfer "through a foreclosure." Here, the transfer was by quitclaim. We see no basis for a distinction. The *Pioneer Sav.* court references the foreclosure because that was the factual context of the case. The operative principle of law and policy centers on the relationship between mortgagor, mortgagee and insurer, not the manner of transfer. In that regard, this case is indistinguishable from *Pioneer Sav.*

■ 2. Appellant argues the trial court erred in its damages' determination, claiming the mortgagee's interest should be limited to the amount of the mortgage and not the stated policy value. The policy limits coverage to amounts payable "as interests appear." That language has previously been interpreted by this court to limit recovery to "the indebtedness which the mortgagor owes under his note and mortgage at the time of the loss." *Minnesota Fed. Sav. & Loan Ass'n v. Iowa Nat'l Mut. Ins. Co.*, 372 N.W.2d 763, 767 (Minn.App.1985), *pet. for rev. denied* (Minn. Nov. 1, 1985).

We believe *Minnesota Fed. Sav.* is inapposite because in that case the bank did not hold a fee simple interest, but maintained only its role as mortgagee. Here, the Bank

had assumed the position of owner in fee simple, and was no longer simply a mortgagee. We believe the approach of *495 Corp. v. New Jersey Ins. Underwriting Ass'n*, 86 N.J. 159, 430 A.2d 203 (1981) is better applied. That case was more factually similar to the present case in that the mortgagee had foreclosed at the time of the loss. The court held:

> The [as interests appear] language on which defendant relies only specifies that the protected interest must originate in a mortgage. In view of the standard mortgage clause as a whole, the quoted phrase does not strictly define the kind of insurable interest covered by the clause. The extent of coverage depends on the extent of the mortgagee's interest at the time of loss, not on the continued existence of a mortgage relationship.

*Id.* at 206. The court goes on to note that, whether title is obtained by foreclosure or conveyance, the "interest increases to that of an owner and as such, is no longer limited to the amount of the mortgage debt." *Id.* at 207.

We also agree with the New Jersey court that policy concerns mandate this result. Insurers have received a premium for coverage through a day certain and for protection against a full amount of loss. Under the logical conclusion of appellant's argument, no one would have an insurable interest in the conveyed property and insurers would therefore reap a windfall profit. *See id.* We therefore determine the district court properly found full coverage for the Bank's loss.

### DECISION

The district court properly found the Bank an insured party under the homeowner's insurance policy and correctly afforded full coverage for loss under that policy.

**Affirmed.**