**MARGARETTEN & COMPANY, INC., a New Jersey corporation, Appellant,**

v.

**ILLINOIS FARMERS INSURANCE CO., an Illinois corporation, Respondent.**

No. C0–94–1420.

Court of Appeals of Minnesota.

Jan. 17, 1995.

Lawrence P. Zielke, Shapiro & Nordmeyer, P.A., Edina, for appellant.

Jon A. Hanson, Margaret K. Ackerman, and Tony R. Krall, Hanson, Lulic & Krall, Minneapolis, for respondent.

Considered and decided by DAVIES, P.J., and HUSPENI, and FOLEY,* JJ.

**OPINION**

DAVIES, Judge.

Mortgagee challenges summary judgment for insurer, arguing that (1) its right to fire insurance benefits was preserved despite mortgage foreclosure, and (2) insurer was not justified in requiring a partial assignment of mortgage as a prerequisite to payment of insurance proceeds. We affirm.

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

## FACTS

Appellant Margaretten & Company (mortgagee) held a mortgage on a house insured by respondent Illinois Farmers Insurance Company (insurer). A fire destroyed the house in October 1991. Insurer denied the homeowners' claim for insurance proceeds, determining that the owners had caused the fire. In May 1992, mortgagee filed a claim for mortgagee-interest insurance benefits. The insurer denied the claim when mortgagee refused to give a "partial assignment" of the mortgage. (The partial assignment would have given the insurer a claim against the mortgagor equal to the insurance payment.)

Mortgagee instituted foreclosure proceedings and notified insurer of the pending foreclosure sale. At the sheriff's sale, mortgagee made the only bid—for $74,000, the full amount owed on the mortgage debt.

The mortgage redemption period subsequently elapsed, the City of Minneapolis condemned and demolished the house, and mortgagee filed this suit for fire insurance benefits. Insurer moved for summary judgment, arguing that benefits were no longer payable because no debt (i.e., insured loss) remained on the house after the sale. The district court agreed and granted judgment for insurer. Mortgagee appeals.

## ISSUES

1. May a mortgagee recover fire insurance benefits when a subsequent foreclosure sale leaves no remaining debt on the mortgaged property?

2. Was the insurer justified in requiring a partial assignment of mortgage as a prerequisite to payment of mortgagee's insurance benefits?

## ANALYSIS

▇▇▇▇ Where the material facts are not in dispute, a reviewing court need not defer to the trial court's application of the law. *Hubred v. Control Data Corp.*, 442 N.W.2d 308, 310 (Minn.1989).

## I. Insurance Benefits After Foreclosure Sale

The district court held that

if a mortgagee bids the full amount of its mortgage at a foreclosure sale which takes place after a loss, any right it had to insurance proceeds is extinguished.

Therefore, the court ruled that mortgagee was not entitled to any insurance proceeds.

Mortgagee challenges this holding, citing *Phalen Park State Bank v. Reeves,* 312 Minn. 194, 251 N.W.2d 135 (1977). In *Phalen,* the supreme court held that the mortgagee's rights to fire insurance benefits were preserved even after a mortgage foreclosure. *Id.* at 204, 251 N.W.2d at 141. But the holding in *Phalen* "resulted from and is limited to the unique facts and circumstances presented." *Id.* at 205, 251 N.W.2d at 141. And in *Phalen* the mortgagee had commenced foreclosure proceedings *before* the insurance policy was issued. *Id.* at 196, 251 N.W.2d at 137. Here, in contrast, the foreclosure occurred after the policy had been issued and the loss had occurred.

Moreover, *Phalen* is based on an interpretation of a specific mortgage clause in the policy at issue. *See id.* at 204, 251 N.W.2d at 141 (concluding that "the bank's rights are preserved *under the above clause* of the policy regardless of the foreclosure proceedings" (emphasis added)).

*Winberg v. Maryland Casualty Co.,* 434 N.W.2d 274 (Minn.App.1989), *pet. for rev. denied* (Minn. Feb. 10, 1989), is distinguishable. In contrast to this dispute between insurer and mortgagee, *Winberg* involved a dispute between the insured mortgagor and the mortgagee. *Id.* at 275. The insurer settled, and the dispute was between the two named payees on the settlement check. *Id.* Moreover, *Winberg* does not involve a defense that the insurer required an assignment of the mortgage as a prerequisite to claim payment.

Mortgagee overextends the

well-settled rule that the rights under a fire insurance policy are fixed both as to amount and standing to recover at the time of the fire loss.

*Whitestone Savings & Loan Ass'n v. Allstate Ins.*, 28 N.Y.2d 332, 321 N.Y.S.2d 862, 863, 270 N.E.2d 694, 695 (1971).

*Whitestone* explains:

From this rule it has been further and *improperly deduced* that the mortgagee could do nothing to impair his rights thus fixed at the time of loss. And of course he could: by waiver, estoppel, assignment, or as here *by discharge of debt.*

*Id.* (emphasis added).

## II. Partial Assignment of Mortgage

■ Mortgagee also argues that insurer was not justified in requiring mortgagee to give a "partial assignment" of the mortgage as a prerequisite to payment under the policy. Mortgagee asserts that the law does not provide for partial assignment of mortgages. But caselaw illustrates the use of partial assignments. *See United States v. Goldberg*, 245 F.Supp. 251, 252–53 (E.D.Pa.1965) (recognizing assignment of 25 percent interest in a mortgage), *aff'd*, 362 F.2d 575 (3d Cir.1966), *cert. denied*, 386 U.S. 919, 87 S.Ct. 881, 17 L.Ed.2d 790 (1967); *Hill v. Massachusetts Fire & Marine Ins.*, 195 Ark. 602, 113 S.W.2d 104, 106 (1938) (involving a partial assignment); *Barile v. Wright*, 256 N.Y. 1, 175 N.E. 351, 352 (1931) (involving a partial assignment where insurer made partial payment on mortgage debt); *Marine Midland Nat'l Bank v. Roosa Constr. Assocs.*, 28 A.D.2d 1187, 284 N.Y.S.2d 649, 651 (N.Y.App. Div.1967) (deciding whether mortgagee's partial assignment of mortgage injured other interests).

Mortgagee also argues that insurer "bootstrapped" the payment delay and resulting foreclosure into a defense in order to avoid liability for the claim. Again, we disagree and hold that insurer was justified in insisting on a partial assignment where the mortgage debt exceeded the extent of insurance due. It would have been unfair to the *insurer* to require it to pay more than its liability under the policy simply to secure the full assignment mortgagee offered. And it would have been unfair to require *mortgagee* to give insurer a full assignment of the mortgage upon only partial payment of the mortgage debt. Here a partial assignment would

have balanced the parties interests; the request of a partial assignment of mortgage as prerequisite to payment of insurance proceeds was reasonable.

## DECISION

The district court properly granted judgment for insurer where mortgagee bid the full amount of the secured debt at the foreclosure sale.

**Affirmed.**