**BORDER STATE BANK OF GREENBUSH,**
Respondent,

v.

**FARMERS HOME GROUP, d/b/a Gopher State Mutual Insurance Company, Appellant.**

No. C3–00–904.

Court of Appeals of Minnesota.

Dec. 19, 2000.

Michael L. Jorgenson, Charlson, Marben & Jorgenson, PA., Thief River Falls, MN, (for respondent).

Jon A. Hanson, John F. Cook, Minneapolis, MN, (for appellant).

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

Considered and decided by STONEBURNER, Presiding Judge, FOLEY, Judge,* and MULALLY, Judge.**

## OPINION

STONEBURNER, Judge

Appellant Farmers Home Group (Insurer) challenges the district court's grant of summary judgment to respondent Border State Bank of Greenbush (Bank). Because we find no error in the district court's application of law, we affirm.

## FACTS

Bank sold property to Louis Haupt on a contract for deed in 1991. Insurer issued a policy covering the property against fire loss. The policy named Haupt as insured and Bank as "mortgagee," which was defined in the policy to include contract-for-deed vendors. Insurer knew that Bank was a contract-for-deed vendor. The policy provided that losses would be paid to insureds and mortgagees named in the policy "as interests appear" and that the denial of an insured's claim would not bar valid claims by a mortgagee. The policy further provided that after a covered loss, Insurer could elect to pay the entire mortgage debt plus accrued interest in exchange for a full assignment and transfer of the mortgage and all securities held as collateral for the debt.

The covered property was damaged by fire in October 1997. The amount of the loss was $21,050. Haupt made a timely claim against Insurer pursuant to the policy. Insurer never paid or denied Haupt's claim because Insurer and the sheriff's department were investigating potential arson.

Bank also made a timely claim against Insurer pursuant to the policy. Insurer acknowledged Bank's claim by letter dated

** Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 10.

January 27, 1998, stating "your interest in the Louis Haupt property will be protected to the limits of Mr. Haupt's policy and in accordance with policy terms and conditions." The letter also stated:

> By this letter, it is intended that the rights of the parties be preserved and that [Insurer] specifically reserves all of its rights and defenses under the policy of·insurance.

Insurer neither paid nor denied Bank's claim at that time, citing its ongoing arson investigation.

At the time of the fire, Haupt owed a principal balance of $39,885.75 on the contract for deed and was several months in arrears on his payments. He did not make any payments after the fire. Bank canceled the contract for deed, effective June 23, 1998.

A few days after canceling the contract for deed, Bank requested Insurer to satisfy Bank's vendor's interest in the property. Insurer denied coverage, claiming Bank had forfeited its rights under the policy by canceling the contract. Bank sued Insurer. The parties filed cross-motions for summary judgment. The district court determined that Bank had an insurable interest under the terms of the policy that was not extinguished by cancellation of the contract for deed and therefore granted Bank's motion for summary judgment. The district court awarded Bank the amount of the damage to the property.[1]

### ISSUE

█ Does a contract-for-deed vendor who is named as a mortgagee in a fire-insurance policy forfeit its rights under the policy by canceling the contract for deed after a covered loss reduces the value of the property to less than the outstanding debt under the contract?

1. The district court awarded Bank $20,950, the residual value of the property after the loss. The amount of damage caused by the fire was $21,050 (only a $100 difference).

### ANALYSIS

This case was submitted to the district court on stipulated facts and supplemental affidavits. No genuine issues of material fact are in dispute. Insurer argues that the district court erred in applying the law. "Where the material facts are not in dispute, a reviewing court need not defer to the district court's application of the law." *Margaretten & Co. v. Illinois Farmers Ins. Co.*, 526 N.W.2d 389, 390 (Minn.App.1995) (citing *Hubred v. Control Data Corp.*, 442 N.W.2d 308, 310 (Minn. 1989)).

A contract-for-deed vendor used to be held subject to an insurer's arson defense against the named insured. *E.g., Reitzner v. State Farm Fire and Cas. Co.*, 510 N.W.2d 20, 24–25 (Minn.App.1993). Minnesota's Standard Fire Insurance Policy was amended to include contract-for-deed vendors in the standard mortgagee clause, so that an insured's acts no longer defeat a contract-for-deed vendor's rights under the policy. *See* Minn.Stat. § 65A.01, subd. 3 (1994).

Insurer equates cancellation of the contract for deed in this case to a mortgage foreclosure and relies on *Margaretten* for the proposition that where a mortgagee forecloses after the date of loss and bids in the full amount of the indebtedness upon foreclosure, the mortgagee forfeits its separate rights under the mortgage clause of a fire-insurance policy. *See Margaretten*, 526 N.W.2d at 390–91. In *Margaretten*, mortgaged premises were destroyed by fire. *Id.* at 390. The insurer denied the homeowners' claim for insurance proceeds because the owners had caused the fire. *Id.* The mortgagee then filed a claim for mortgagee-interest insurance benefits. *Id.* The insurer denied that claim because the mortgagee refused to give the insurer a partial assignment of the mortgage. *Id.* The partial assignment would have given

Neither party challenges the amount awarded; both agree that the award represents the amount of the loss caused by the fire.

the insurer a claim against the mortgagor equal to the insurance payment. *Id.* The mortgagee then foreclosed on the mortgage and bid in the full amount owed on the mortgage at the sheriff's sale. *Id.* After the redemption period elapsed, the property was condemned by the city and demolished. *Id.* The mortgagee then sued the insurer for fire-insurance benefits. *Id.* At the time of the suit there was no longer a mortgage and the mortgagee had no interest in the property. *See id.* The district court granted summary judgment to the insurer, holding that the mortgagee had extinguished any right it had to insurance proceeds by bidding in the full amount of the mortgage at the foreclosure sale. *Id.* This court affirmed, holding that by discharging the debt through foreclosure, the mortgagee had extinguished its rights to insurance proceeds. *Id.* at 390–91. We further held that the insurer was justified in requiring the mortgagee to give a partial assignment of the mortgage, which would have balanced the parties' interests. *Id.*

*Margaretten* is distinguishable from the instant case. Insurer never requested and Bank never refused an assignment of the contract for deed. Bank owned the property at the time the loss occurred and continues to own the property. Due to the fire, the value of the property recovered by Bank is less than the outstanding balance on the contract for deed at the time of the cancellation. Bank was insured for this loss under the policy.

Insurer also relies on *McKay v. National Union Fire Ins. Co.*, 182 Minn. 378, 234 N.W. 589 (1931), as support for the proposition that partial or full extinguishment of a mortgage by foreclosure after a loss will reduce the mortgagee's rights to insurance proceeds by the extent to which the debt has been extinguished. In *McKay,* the insurer also had the right to be subrogated to the rights of the mortgagee and to take an assignment of the mortgage upon payment of the mortgage debt. *Id.* at 379, 234 N.W. at 589. The policy in *McKay* did

not insure the owner or mortgagor. *Id.* at 380, 234 N.W. at 589. The supreme court held that when the mortgagee satisfied the mortgage and discharged its lien, it disabled itself from performing a condition of the contract and thus could not insist upon performance by the insurer. *Id.* at 380, 234 N.W. at 589–90.

In the instant case, the policy covered the mortgagor as well as Bank. Insurer never elected to pay the balance of the contract in exchange for an assignment of Bank's rights in the contract and the Bank never refused a requested assignment of its interest in the contract or the property. The district court awarded damages in the amount of the damage caused by the fire rather than the balance due under the contract for deed at the time of the loss, thereby reducing Bank's rights in insurance proceeds to the extent Bank's loss was satisfied by the cancellation.

Insurer cites *Farmers & Merchants Sav. Bank v. Farm Bureau Mut. Ins. Co.*, 405 N.W.2d 834 (Iowa 1987), to support the proposition that canceling a contract for deed after a fire loss occurs causes the vendor to forfeit its rights to proceeds from an insurance policy. In that case, contract vendors sold a farm on a contract for deed. The contract required that vendees provide insurance on the property. *Id.* at 835. Vendees purchased a policy from Farm Bureau with a mortgage clause naming the vendor. *Id.* Two years later, a fire destroyed a building on the farm. *Id.* Farm Bureau denied vendees' claims but did not deny or pay vendor's claim. *Id.* Vendor served a notice of cancellation on vendees and resold the farm on contract to a bank for the balance owed by vendees under the original contract. *Id.* Vendor assigned his interest in his insurance claim against Farm Bureau to the bank. *Id.* When the bank attempted to collect the unpaid insurance proceeds, Farm Bureau refused to pay, asserting that vendor took the property back in satisfaction of the contract debt, extinguishing vendor's insurable interest under the

contract. *Id.* at 835–36. The Iowa Supreme Court agreed, holding that the debt was extinguished when vendor forfeited the contract, just as if he had bid in the full amount of a mortgage at a foreclosure sale. *Id.* at 838. The court noted that "[b]ecause a vendor's interest in insurance proceeds is measured by the unpaid purchase price, [vendor's] insurable interest was destroyed by the satisfaction of the contract debt." *Id.*

In the instant case, Bank has never fully recovered its loss. The fire damaged the recovered property such that its value was less than the balance under the contract for deed. Bank, unlike the mortgagees in the cases relied on by Insurer, has suffered an uncompensated loss for which it was insured under the policy.

■ Bank correctly notes that in all of the cases relied on by Insurer, the mortgage (or contract debt) was satisfied in full by foreclosure (or cancellation)[2] *and* the mortgagees (or contract-for-deed vendors) no longer had any insurable interest in the property at the time their claims were denied. The event that destroys the insurable interest is compensation for the insured's loss, not merely the event of a foreclosure (or cancellation).

Insurer argues that Bank is no longer in a position to assign the contract for deed, so that Insurer is precluded from exercising its option to pay the contract price and receive an assignment of the contract. Insurer asserts that for this reason Bank is precluded from making a claim under the policy. Insurer, however, never sought and was never denied this remedy. Bank asserts it stands ready to transfer title to the property to Insurer in exchange for payment of the principal and interest due under the contract, a remedy the supreme court recognized as appropriate in a similar case. *See Phalen Park State Bank v.*

*Reeves,* 312 Minn. 194, 203, 251 N.W.2d 135, 140 (1977).

In *Phalen Park,* the bank began foreclosure proceedings and purchased the property at a sheriff's sale after Reeves defaulted on a mortgage. *Id.* at 196, 251 N.W.2d at 137. During the redemption period, the bank learned that Reeves's fire insurance had been terminated and demanded that Reeves replace the insurance. *Id.* Reeves secured a replacement policy that named the bank as mortgagee. *Id.* One month later, fire destroyed a building on the property. *Id.* Reeves chose not to redeem the damaged property, and five days after his redemption period ended, the bank filed a claim against the insurer. *Id.* at 197, 251 N.W.2d. at 137. The insurer denied the claim, arguing that the policy was invalidated by the bank's failure to disclose the foreclosure of its mortgage at the time the policy was issued and that the bank, despite its fee interest in the property, did not have an insurable interest. *Id.* The supreme court held that the bank had no duty to disclose the foreclosure, *id.*, and that the bank's rights were preserved under the mortgage clause of the policy regardless of the foreclosure because

> [a] change in the character of interest from that of mortgagee to that of owner, effected by a sale and purchase on foreclosure, is not sufficient to defeat the insurance granted the mortgagee, since it must likewise be considered that the possibility of such a change was within the contemplation of the parties when the contract was made.

*Id.* at 204, 251 N.W.2d at 141 (quoting 11 Couch, Insurance 2d, § 42:712). To preserve the insurer's right to subrogation, the supreme court held that upon payment by the insurer to the bank, the insurer would be subrogated to the bank's · fee interest in the property. *Id.* Even though

---

2. In some cases cited by appellant, satisfaction occurred when the mortgagee bid in the full amount of the debt at a foreclosure sale. *See McKay,* 182 Minn. 378, 234 N.W. 589. In others, satisfaction occurred when the value

of the recovered property exceeded the outstanding debt or when the property was sold for the balance due under the contract. *See Farmers & Merchants,* 405 N.W.2d at 838.

limited in its applicability by the issue of usury,[3] *Phalen* supports the propositions that a mortgagee does not automatically forfeit rights under the mortgage clause of an insurance policy when it becomes the fee owner of the insured property and that an insurer's election to subrogate itself to the mortgagee's rights can be protected by subrogation to the fee interest.

Bank's position is also supported by *Murray County State Bank v. Milwaukee Mut. Ins. Co.*, 513 N.W.2d 1 (Minn.App. 1994), *review denied* (Minn. May 3, 1994). The bank in *Murray County* sold property on a contract for deed. *Id.* at 1. The contract in that case, as here, required that the contract vendees obtain insurance on the property. *Id.* The insurance company issued a policy naming the bank as the mortgagee. *Id.* The vendees defaulted on the contract and conveyed the vendees' interest back to the bank by quitclaim deed without canceling the contract for deed. *Id.* at 1–2. The home was destroyed by a tornado about a month after this transfer. *Id.* at 2. As owner of the property in fee simple, the bank made a claim under the policy and sued the insurance company when the claim was denied. *Id.* On cross-motions for summary judgment, the trial court found in favor of the bank. *Id.* On appeal, the insurer argued that the district court erred because the bank failed to give notice of the change in ownership. *Id.* This court affirmed the district court's ruling that a mortgagor-mortgagee transfer is not a change of ownership for purposes of the mortgage clause

of an insurance policy and therefore is not subject to the notice requirement. *Id.* Insurer also challenged the district court's determination of damages, arguing that the bank's interest should be limited to the amount of the mortgage and not the stated policy value. *Id.* Quoting a New Jersey case, this court concluded that the policy's "as interests appear" language required only that the protected interest originate in a mortgage; that language did "not strictly define the kind of insurable interest covered by the clause." *Id.* at 2–3 (quoting *495 Corp. v. New Jersey Ins. Underwriting Ass'n*, 86 N.J. 159, 430 A.2d 203, 206 (1981)). The court noted:

> [w]hether the title is obtained by foreclosure or conveyance, the interest increases to that of an owner and as such, is no longer limited to the amount of the mortgage debt.

*Id.* at 3 (quotation omitted) (citation omitted). The court found that policy concerns mandated this result:

> Insurers have received a premium for coverage through a day certain and for protection against a full amount of loss. Under the logical conclusion of [the insurer's] argument, no one would have an insurable interest in the conveyed property and insurers would therefore reap a windfall profit. We therefore determine the district court properly found full coverage for the Bank's loss.

*Id.* (citation omitted).[4]

The district court in the instant case correctly noted that Bank is identified

---

3. A central issue in *Phalen Park* not presented in the instant case was whether the mortgage was usurious and therefore void. The supreme court remanded *Phalen Park* for a determination of whether there was a valid mortgage. The court stated:

> [W]e stress that our holding has resulted from and is limited to the unique facts and circumstances presented in this case. We do not intend by this decision to depart from the general rule in this state that the defense of usury is personal to the borrower.

*Phalen Park*, 312 Minn. at 205, 251 N.W.2d at 141.

4. Insurer argues that because *Phalen Park* and *Murray County* involve losses that occurred after the banks acquired fee ownership, they are not applicable to the instant case, but Insurer cannot articulate why that would be the case when the policy language in question is identical to the instant case and the banks were identified as mortgagees in the policies. If the timing of the loss has any effect, it makes Bank's case stronger in the instant case because Bank filed its claim under the policy before it canceled the contract for deed and insurer acknowledged the claim but elected not to pay at that time.

as mortgagee/vendor/loss payee in the insurance contract and that its rights to insurance proceeds should be determined by the provisions of the insurance policy, not the contract for deed. The policy does not list cancellation of the contract for deed as a basis to extinguish the Insurer's obligation under the policy. Insurer acknowledged Bank's claim in its January 27, 1998 letter but for its own reasons elected not to pay the Bank the balance on the contract (Bank's interest as it appeared at that time) and take an assignment of the contract for deed. Bank's interest subsequently changed to that of owner of the fee interest free of any claim by the contract vendee. Bank was not fully compensated for its loss because the fire had reduced the value of the property to less than the outstanding balance under the contract for deed. The trial court correctly concluded that cancellation of the contract for deed did not extinguish Bank's insurable interest in the property and that the appropriate measure of damages is the amount of loss caused by the fire, which does not exceed the policy limits and which is substantially less than the outstanding balance on the contract for deed at the time of the loss. Any prejudice to Insurer from the Bank's present inability to assign the contract for deed is due to Insurer's failure to elect that option at the time of the original demand.

## DECISION

Cancellation of a contract for deed does not extinguish a contract-vendor's rights under the mortgage clause of a fire-insurance policy where damages caused by a covered loss reduce the value of the property to less than the outstanding balance on the contract for deed. The district court's grant of summary judgment to Bank is affirmed.

**Affirmed.**