[L. A. No. 663. In Bank.—March 3, 1900.]

M. D. REYNOLDS, Respondent, v. LONDON AND LANCA-
SHIRE FIRE INSURANCE COMPANY, Appellant, and
W. R. PORTER, Defendant, not Appealing.

FIRE INSURANCE—LOSS UPON BUILDINGS PAYABLE TO MORTGAGEE—INTER-
ESTS OF MORTGAGOR AND MORTGAGEE — DISCHARGE OF MORTGAGE
DEBT.—A policy of fire insurance taken by a mortgagor upon the
mortgaged buildings with loss made payable to the mortgagee,
as further security for the mortgage debt, is upon the interest
of the mortgagor, who is the party insured; and the relation of
the mortgagee to the policy is merely that of a creditor having a
provisional assignment of the contingent proceeds of the policy,
and his interest therein ceases whenever the mortgage debt is
discharged.

ID.—PURCHASE BY MORTGAGEE UNDER FORECLOSURE — EXTINGUISHMENT
OF DEBT—CESSATION OF INTEREST IN POLICY.—A purchase by the
mortgagee, under foreclosure, of the mortgaged premises
for the amount of the mortgage debt and costs, operated as an
extinguishment of the debt, and the mortgagee thereby ceased
to be a creditor of the mortgagor, and had no further interest as
such creditor in the policy of insurance taken by the mortgagor,
and cannot recover thereupon for any subsequent loss.

ID.—LOSS DURING PERIOD FOR REDEMPTION—PAYMENT TO MORTGAGOR—
CHANGE OF POSITION OF MORTGAGOR.—The payment to the mort-
gagor of a loss which occurred during the period for redemption,
cannot make the insurance company liable to the mortgagee as
a creditor of the mortgagor, after his interest in the policy has
ceased with the extinguishment of the indebtedness; and it is
immaterial whether the mortgagor could or could not have re-
covered anything upon the policy. The change of the mortga-
gee from the position of creditor to that of purchaser cannot aid
him in recovery upon a policy in which he had no interest but
that of creditor.

ID.—EFFECT OF SALE UNDER FORECLOSURE — REDEMPTION — CASE LIM-
ITED.—Though a sale under foreclosure does not extinguish the
mortgagor's equity of redemption, until the expiration of the
statutory period for redemption, yet it does pass a defeasible
title which may become absolute, and it operates to extinguish
the mortgage debt if the purchase is made for the amount
thereof. Redemption is not made by paying the extinguished
debt, but by paying the purchase price, with statutory percent-
age and costs. The case of *National Bank v. Union Ins. Co.*, 88
Cal. 497, limited so far as inconsistent with later cases, and
with the opinion in this case.

APPEAL from a judgment of the Superior Court of San Bernardino County. John L. Campbell, Judge.

The facts are stated in the opinion of the court.

Van Ness & Redman, for Appellant.

The appointment of the mortgagee as payee in the policy taken by the mortgagor did not make the mortgagee the insured. The insurance was on the interest of the mortgagor. (Civ. Code, sec. 2541; *Holbrook v. Baloise Fire Ins. Co.,* 117 Cal. 561; *Brunswick Sav. Inst. v. Commercial Union Ins. Co.,* 68 Me. 313; 28 Am. Rep. 56; *Grosvenor v. Atlantic etc. Ins. Co.,* 17 N. Y. 391; *Young v. Eagle etc. Ins. Co.,* 14 Gray, 150; *Loring v. Manufacturers' Ins. Co.,* 8 Gray, 280; 74 Am. Dec. 673; *Fogg v. Middlesex etc. Ins. Co.,* 10 Cush. 337, 346.) The payment or extinguishment of the mortgage debt ends all interest of the mortgagee in the policy, and he cannot thereafter recover upon the policy. (*Phoenix Assur. Co. v. Allison* (Tex. Civ. App.), 27 S. W. Rep. 784; *Carpenter v. Providence etc. Ins. Co.,* 16 Pet. 495; *Bates v. Equitable etc. Ins. Co.,* 10 Wall. 33.) The purchase at the foreclosure sale for the entire mortgage debt satisfied and extinguished the debt. The purchaser took a defeasible title, which would become absolute if there were no redemption by paying the purchase money with percentage, etc. (Code Civ. Proc., secs. 700, 961; *Page v. Rogers,* 31 Cal. 293; *Duff v. Randall,* 116 Cal. 226, 230; 58 Am. St. Rep. 158; *Robinson v. Thornton,* 102 Cal. 680; *Brunswick Sav. Inst. v. Commercial Union Ins. Co., supra.*)

J. C. Christy, and Henry W. Nisbet, for Respondent.

The mortgagee to whom the insurance was payable was entitled to recover the full mortgage debt against the insurance company, notwithstanding the foreclosure and bid in his own name. (*National Bank v. Union Ins. Co.,* 88 Cal. 498; 22 Am. St. Rep. 324; *Carlson v. Presbyterian Board,* 67 Minn. 436.) The mortgagor is not entitled to insurance payable to the mortgagee, but the mortgagee may recover it by suit in his own name, without joining the insured mortgagor. (*National Bank v. Union Ins. Co., supra; Maxey v. New Hampshire Ins. Co.,*

CXXVIII. CAL.—2

54 Minn. 272; 40 Am. St. Rep. 325; *Motly v. Manufacturers'
Ins. Co.,* 29 Me. 337; 50 Am. Dec. 591; *Hammel v. Queen Ins.
Co.,* 50 Wis. 240; *Tilley v. Connecticut etc. Ins. Co.,* 86 Va. 811;
*Graves v. American Livestock Ins. Co.,* 46 Minn. 130.)

McFARLAND, J.—Action upon a fire insurance policy. A
demurrer to the complaint having been overruled, defendant an-
swered; and thereupon, on motion of plaintiff, judgment was
rendered for him on the pleadings. Defendant, the insurance
company, appealed from the judgment. The defendant W. R.
Porter made default, and does not appeal.

It appears from the pleadings that the policy in question was
issued to said Porter upon certain buildings on his land, in-
cluding a dwelling-house which was insured for seven hundred
and fifty dollars, and also upon certain personal property. Por-
ter procured the policy and paid the premium. At the date of
the policy the plaintiff had a mortgage on the land on which
the building stood to secure an indebtedness to him from
Porter; and it is averred in the complaint "that, as a further
security for said indebtedness," Porter caused to be written on
the policy the following: "Loss, if any, payable to M. D. Rey-
nolds, on buildings only." Plaintiff commenced an action against
Porter to foreclose the mortgage, and on August 1, 1896, ob-
tained a decree of foreclosure and order of sale; and on Sep-
tember 5, 1896, the premises were sold under the foreclosure
proceedings to plaintiff for fifteen hundred and fifty dollars—
that being the full amount due, including interest and costs.
On March 9, 1897, the period for redemption having expired
without redemption, plaintiff received his deed under the sale.
On November 5, 1896, which was after the purchase by plain-
tiff under the foreclosure proceeding but before the expiration
of the period for redemption, the dwelling-house was destroyed
by fire. It is averred in the complaint that Porter furnished
proofs of loss, and performed all the conditions of the policy
required of him. It further appears that the defendant has
paid to Porter all loss and damage sustained by him from the
destruction of the dwelling-house. The question to be deter-
mined is whether or not, under these circumstances, the de-
fendant is legally liable to plaintiff in any amount whatever

upon the alleged cause of action sued on; and in our opinion there is no such liability.

It is apparent, not only from the averments in the complaint but also from the general law on the subject, that plaintiff's relation to the policy was merely that of a creditor of Porter, who was the party insured; that the only interest which he had therein grew out of, and was dependent upon, the indebtedness from Porter to him, and that he was named in the policy merely that the latter might be—as averred in the complaint—"a further security for said indebtedness." Section 2541 of the Civil Code provides that: "Where a mortgagor of property effects insurance in his own name, providing that the loss shall be payable to the mortgagee, or assigns a policy of insurance to the mortgagee, the insurance is deemed to be upon the interest of the mortgagor"; and in *Holbrook v. Baloise Ins. Co.*, 117 Cal. 566, this court said that: "The stipulation in the policy for payment to the mortgagees in case of loss was but a provisional assignment of the contingent proceeds of the contract, and had not the effect to substitute the mortgagees for the mortgagor as the party insured." Therefore, in such a case, as the mortgagee has an interest in the policy only as security for his debt, it follows that such interest ceases whenever the debt is discharged, and there is no longer the relation of creditor and debtor between him and the mortgagor. In *Phoenix Assur. Co. v. Allison*, 27 S. W. Rep. 784, the court of civil appeals of Texas said: "So it appears that in either case—whether the mortgagee procures the policy, paying the premium, without authority from the mortgagor, or whether it is procured by the mortgagor in the name of the mortgagee and the debt is paid— the insurers are not liable to the mortgagee, because in the one case the payment of the debt and the extinguishment of the mortgage determines all efficacy in the policy, and in the other the mortgagor, paying the debt, is subrogated, and he alone should sue." (See, also, *Carpenter v. Providence etc. Ins. Co.*, 16 Pet. 495.) In the case at bar, if Porter had extinguished the mortgage debt by paying it, no one would claim that there was any cause of action left to plaintiff against the defendant upon the policy in question. But by the foreclosure proceedings and the purchase of the mortgaged premises by the plaintiff for the

full amount of the debt and judgment, the debt was fully extinguished, and plaintiff was no longer a creditor or mortgagee of Porter. There was no longer any debt which could be enforced in any way. Plaintiff was then substantially the owner of the property; and Porter had the mere statutory right of redemption, which could be exercised within the statutory period, not by paying the former and extinct debt, but by paying the purchase price bid for the property, together with certain statutory precentages and costs. In *Duff v. Randall*, 116 Cal. 226, 58 Am. St. Rep. 158, this court said: "Although the right of a mortgagor to redeem the mortgaged premises is not cut off until the expiration of the time allowed for redemption, yet the purchaser at a sale under the judgment rendered in the foreclosure suit acquires the same interest in the property sold as does a purchaser in property sold under an ordinary money judgment. 'Upon the sale the purchaser acquires all the right, title, interest, and claim of the debtor thereto' (Code Civ. Proc., sec. 700), and only the right to redeem from this sale is left in the mortgagor. If a redemption is made by the mortgagor, it is not from the lien of the mortgage, but from the sale under the judgment, and the amount which he is required to pay under such redemption is not the amount of the mortgage, but the amount for which the property was sold. Prior to the entry of the judgment the mortgagor holds the title to the property subject to the lien of the mortgage, and after the judgment is entered he holds it subject to the lien of the judgment; but after the sale he has only a right of redemption, while the purchaser has the entire beneficial interest in the property, subject to be defeated by a redemption from the sale. 'The execution of the deed gives to the purchaser at the sale no new title to the land purchased by him, but is merely evidence that his title has become absolute.' (*Robinson v. Thornton*, 102 Cal. 680.) 'The purchaser obtains an inchoate right which may be perfected into a perfect title without any further act than the execution of a deed in pursuance of a sale already made. It is not a mere right to have a certain sum charged upon the property satisfied out of it. The sum before charged upon the land had already been satisfied by the sale to the extent of the amount bid and paid by the purchaser. The purchaser has already bought the land and paid for it. The sale is simply a

conditional one, which may be defeated by the payment of a certain sum by certain designated parties within a certain limited time. If not paid within the time, the right to a conveyance becomes absolute without any further sale or other act to be performed by anybody.' (*Page v. Rogers*, 31 Cal. 301.)" In *Breedlove v. Norwich etc. Ins. Soc.*, 124 Cal. 166, this court said: "Upon a sale of real property the purchaser is substituted to and acquires all the right, title, interest, and claim of the judgment debtor thereto. . . . . It is by the foreclosure sale that the title passes. (*Robinson v. Thornton, supra.*)" The sheriff's deed gives no new title. It is merely evidence that the title has become absolute. (*Duff v. Randall, supra.*) Under these authorities there is no logical answer to the proposition that the sale to plaintiff extinguished the mortgage indebtedness and all interest which he had in the policy as "a further security for said indebtedness." Respondent cites *National Bank v. Union Ins. Co.*, 88 Cal. 497, 22 Am. St. Rep. 324. The facts in that case differ to some extent from those in the case at bar, although there are some things in the opinion which support respondent's contention; but, so far as the opinion there could be invoked to sustain the judgment in the case at bar, it is founded upon notions of the effect of a judicial sale which are inconsistent with those declared in the later cases of *Robinson v. Thornton, supra, Duff v. Randall, supra,* and *Breedlove v. Norwich etc. Ins. Soc., supra,* above cited. Of course, a foreclosure, in the sense of a perfect extinguishment of the mortgagor's equity of redemption, may be said not to be complete until after the expiration of the statutory period for redemption; but that consideration has no bearing upon the proposition that the sale extinguishes the debt. As before stated, redemption is effected, not by the payment of the former debt, which no longer exists, but by payment of the purchase price at the judicial sale, which may be much less or much more than the former debt. We are not concerned with the question whether or not, under the circumstances, Porter could have recovered anything of defendant on the policy; although, if Porter suffered no loss, then certainly plaintiff could not have recovered, because Porter was the party insured and only through his losses could plaintiff's security have been efficacious. Neither

are we concerned with the class of cases where the mortgagee himself procures a policy on buildings situated on the mortgaged premises, where he is the party insured, and where it has been held that he may take the policy on his interest in the property itself. In the case at bar, under our law, the plaintiff was not the party insured, and his interest in the buildings mortgaged was not insured; the interest in the property which was insured was that of Porter the mortgagor, and it was only the indebtedness of Porter to plaintiff which gave the latter any interest in the policy. After he changed his position from creditor to purchaser he could, in the latter capacity, have procured a policy on the buildings and thus insured his interest in the property itself; but whatever interest he had in the old policy ceased with the extinguishment of the indebtedness.

The judgment appealed from is reversed.

Temple, J., Henshaw, J., Harrison, J., Garoutte, J., and Van Dyke, J., concurred.

Rehearing denied.