Pauline ROSENBAUM, Appellant,

v.

John FUNCANNON, as Administrator of the Estate of Martha A. Call, deceased, Appellee.

No. 17626.

United States Court of Appeals Ninth Circuit.

Sept. 24, 1962.

Rehearing Denied Nov. 13, 1962.

Tobin & Tobin, and John J. Ford, III, San Francisco, Cal., for appellant.

Howard B. Crittenden, Jr., and Thomas J. Barfield, San Francisco, Cal., for appellee.

Before HAMLEY and JERTBERG, Circuit Judges, and PLUMMER, District Judge.

JERTBERG, Circuit Judge.

The sole issue presented by this appeal is whether the proceeds of a fire insurance policy are payable to appellant, who was the owner of a note secured by deed of trust on real property improved by a three-story frame building at the time that fire destroyed the building, or to the appellee, who was the owner of said property subject to the deed of trust at said time.

Jurisdiction of the District Court was based upon diversity of citizenship existing between the appellee, a citizen of the State of California, and the defendant Insurance Company, a citizen of the State of New York, the matter in controversy being in excess of the sum or value of $10,000.00. (Title 28 U.S.C. § 1332)

The jurisdiction of this Court is predicated upon Title 28 U.S.C. § 1291.

The facts are not in dispute and may be summarized as follows:

On December 23, 1958, appellant, the then owner of certain real property in the City and County of San Francisco, which was improved by a three-story frame building, conveyed said property to one Fulvio and received a promissory note in the amount of $25,000.00 and a deed of trust on said property securing payment of the note. Thereafter, on February 3, 1959, Fulvio conveyed said property, subject to the deed of trust securing said note, to one Martha A. Call, who was the owner of said property subject to the deed of trust at the time that the frame building was destroyed by fire.

Under the terms of the deed of trust, Martha A. Call was required to procure a policy of fire insurance indemnifying the appellant against loss by fire caused to the frame building.

On March 4, 1959, in consideration of premium paid by Martha A. Call, the defendant Insurance Company insured the premises in the principal sum of $25,000.00 under a California standard form fire insurance policy, naming Martha A. Call as insured and naming appellant as mortgagee under its standard mortgage clause. As a result of two fires which occurred in August of 1959, the frame building was destroyed, at which time the said policy of fire insurance was in full force and effect.

On September 30, 1959, Martha A. Call instituted suit in the District Court against the Insurance Company seeking judgment against the Insurance Company for the principal sum of $25,000.00. In the complaint it was alleged that on September 28, 1959, the promissory note secured by deed of trust held by appellant was fully paid and discharged by the execution of the power of sale under the deed of trust whereby the trustee thereunder sold the property for the entire obligation due appellant under said deed of trust.

By order of the District Court, appellant was granted leave to file a complaint in intervention. In such complaint, appellant alleged that her interest as mortgagee in and to said premises when the same were destroyed by fire was the sum of $24,898.00, and sought judgment against the Insurance Company in said amount plus interest and costs.

As a result of stipulations made by the parties and approved by the District Court, the Insurance Company deposited in Court the sum of $22,500.00 and was fully released and discharged from any

claims or liability to any of the parties to the action under said policy.

At the sale under the power granted in the deed of trust, appellant purchased the property for $24,898.00 which amount was equal to the total sum of principal and interest on the secured promissory note.

Prior to May of 1959, Martha A. Call failed to pay the installments of principal and interest due on the promissory note secured by said deed of trust, in violation of the provisions of the promissory note and the deed of trust. On May 28, 1959, appellant caused a notice of default under the deed of trust to be recorded. On September 28, 1959, the trustee under the deed of trust sold the property covered thereby to appellant for $24,898.00, which amount was equal to the total sum of principal and interest then due on the note secured by said deed of trust, and title to the property was conveyed to appellant by the deed of the trustee.

The law of the State of California, with exceptions not here pertinent, forbids the rendition of a judgment for any deficiency upon a note secured by a deed of trust or mortgage in any case in which the real property has been sold by the mortgagee or trustee under power of sale contained in a mortgage or deed of trust. CAL.CODE CIV.PROC. § 580d.

During the pendency of the action in the District Court, Martha A. Call died and the administrator of her estate was substituted as plaintiff in said action.

The District Court held that appellee was entitled to payment of the fund deposited in Court by the Insurance Company, and judgment was entered accordingly. It was the view of the District Court that upon purchase of the property at the trustee's sale by appellant, the debt to her was extinguished.

The policy in question provides, in the definition of the insured on the cover page of the policy, as follows:

"Insured's Name and Mailing Address
    "Martha A. Call  *  *  *

    "*Subject to Form No.(s). 78 NS (10/58) Mortgage Clause: Subject*

*to the provisions of the mortgage clause attached hereto, loss, if any, on building items, shall be payable to:*

"Mrs Pauline Rosenbaum,
    91 Fortuna Avenue,
San Francisco, California  *  *"

[Emphasis in quoted material.]

Form 78 NS attached, provides, in pertinent part:

"18. Mortgage Clause:  *  *  * *Loss (if any) under this policy, On Buildings Only, shall be payable to the mortgagee(s)*, if named as payee(s) on the first page of this policy, as mortgagee(s) under any present or future mortgage upon the property described in and covered by this policy, *as interest may appear*, and in order of precedence of said mortgages. (a) The terms 'mortgage,' 'mortgagee' and 'mortgagor' wherever used in this clause shall be deemed to include deeds of trust and the respective parties thereto. (b) This insurance, as to the interest of the mortgagee only therein, shall not be invalidated by any act or neglect of the mortgagor or owner of the described property, nor by the use of the premises for purposes more hazardous than are permitted by this policy. (c) Any mortgagee who shall have or acquire knowledge that the premises are being used for purposes more hazardous than are permitted by this policy or that the premises have been vacant or unoccupied beyond the period permitted by this policy, shall forthwith notify this Company and shall cause the consent of the Company thereto to be noted on this policy; and in the event of failure so to do, all rights of such mortgagee hereunder shall forthwith terminate. (d) In case the mortgagor or owner shall fail to pay any premium due or to become due under this policy, the mortgagee hereby covenants and agrees to pay the same on demand. The mortgagee also covenants and agrees to

pay on demand the premium for any increased hazard for the term of the existence thereof. (e) This Company shall not be liable to the mortgagee for a greater proportion of any loss than the amount hereby insured shall bear to the whole insurance covering the property against the peril provided, under policies issued to, held by, or payable to the mortgagee, whether collectible or not. (f) The policy provisions relating to 'Mortgagee Interests and Obligations' are specifically referred to and made a part of this clause." [Emphasis in quoted material.]

The reverse side of page one of the policy, in pertinent part, provides:

"63. *Mortgagee interests and obligations.*

" * * * If the insured fails to render proof of loss such mortgagee, upon notice, shall render proof of loss in the form herein specified within sixty (60) days thereafter and shall be subject to the provisions hereof relating to appraisal and time of payment and of bringing suit. If this company shall claim that no liability existed as to the mortgagor or owner, it shall, to the extent of payment of loss to the mortgagee, be subrogated to all the mortgagee's rights of recovery, but without impairing mortgagee's right to sue; or it may pay off the mortgage debt and acquire an assignment thereof and of the mortgage. Other provisions relating to the interests and obligations of such mortgagee may be added hereto by agreement in writing."

It is appellant's main contention on this appeal that under the quoted provisions of the insurance policy, the rights of appellant to the proceeds of the insurance policy became vested at the time the fire loss occurred and that the District Court erred in basing its judgment, in favor of appellee, upon events occurring after the vesting of such rights.

From our study of the record on appeal, we have reached the conclusion that the case before us cannot be reviewed as one between appellant and the Insurance Company, which is the posture of the case on this appeal as presented by appellant. In our view, the case must be reviewed in the light of the posture of the case at the time the matter was submitted to the District Court for decision. Prior to the decision of the District Court, a compromise settlement was entered into by appellant and appellee on the one hand and the Insurance Company on the other, as a result of which the Insurance Company paid into the registry of the Court the sum of $22,500.00. Thereupon, the cause of action against the Insurance Company was settled and the Insurance Company was released and discharged of and from any liability to appellant or appellee and was dismissed with prejudice as a party to the action. As a part of the compromise settlement, it was stipulated that the District Court would, upon payment of said $22,500.00 into the registry of the Court, determine the rights of appellant and appellee in and to said fund as the proceeds of the policy issued to appellee as named assured and to appellant as lender loss-payable payee named in the policy. In view of such circumstances, we need only determine from the facts before the District Court which party is entitled to the fund on deposit with the Court.

Admittedly the jurisdiction of the District Court was properly invoked under Title 28 U.S.C. § 1332. The Court's jurisdiction was not ousted by the dismissal of the Insurance Company as a party to the action. The District Court retained jurisdiction to completely dispose of the issue which remained undecided following the dismissal of the Insurance Company as a party to the action. We believe that such issue was properly decided by the District Court and we adopt the following from the memorandum opinion of the District Court:

"In the pending case, it appears from the record, without dispute,

that on September 28, 1959, after the fire loss, the loss-payable mortgagee, Rosenbaum, having previously commenced foreclosure proceedings, purchased the property at the trustee sale under her deed of trust for a bid of $24,898, the full balance of the debt.

"There remains, therefore, only the question of law concerning the respective rights of plaintiff-mortgagor, and the loss-payable mortgagee to the insurance proceeds payable on account of the fire loss.

"The rights of a loss-payable mortgagee are determined as of the time of the loss. Therefore, an extinguishment of a mortgage or deed of trust by foreclosure after the loss does not affect the liability of the insurance company to a loss-payable mortgagee. See: Gattavara v. General Ins. Co., 166 Wash. 691, 8 Pac. 2d 421 (1932); National Fire Ins. Co. [of Hartford, Conn.] v. Finerty Inv. Co., 170 Okla. 44, 38 Pac.2d 496; First National Bank [of Charleroi] v. Newark Fire Ins. Co., 118 Pa.Super. [582] 180 Atl. 163 (Pa. 1935); 5 Couch on Insurance, 2d, Sec. 29.75, p. 360.

"It must be borne in mind, however, that extinguishment of a mortgage or deed of trust by sale of the property at foreclosure does not necessarily extinguish the debt itself. Only to the extent that the mortgagee receives payment upon the debt through the foreclosure is the debt itself extinguished. If the security property does not bring enough to pay the debt, the debt itself remains to the extent that it is unpaid, notwithstanding extinguishment of the mortgage as such by sale to third parties or acquisition by the mortgagee as bidder at foreclosure sale.

"It is in this sense that the rule is quite properly stated to the effect that extinguishment of the mortgage does not affect the liability of an insurance company to a loss-payable mortgagee.

"On the other hand, it is well settled that full or partial extinguishment of the debt itself, whether prior to the loss (Reynolds v. London [& L. Fire Ins. Co.], 128 Cal. 16, 60 P. 467 (1900)) or subsequent to the loss (Power Bldg. & Loan Assn. v. Ajax Fire Ins. Co. [110 N.J.L. 256], 164 Atl. 410 (N.J.1933)), precludes to the extent thereof, any recovery by the loss-payable mortgagee for the plain and sole reason that the debt, itself, has been to that extent extinguished.

"In Power [Bldg. & Loan Assn.] v. Ajax [Fire Ins. Co.], supra, it was properly held that, although a mortgagee purchasing at foreclosure subsequent to a loss (as in the pending case) may still claim a right to recovery under the policy, such claim is obviously limited to such balance, if any, as remains on the debt, and, in such situation the important point is whether the property on foreclosure sale brought enough to satisfy the property in full or only in part. Otherwise, held the Court, there would be double recovery. (See, also, 5 Couch, supra, Sec. 29.77; 46 CJS [Judgments § 5] 29).

"The possibility of double recovery under such circumstances was also considered, but held not to be the fact under the particular circumstances, in the other Gattavara and National cases, supra.

"In the pending case the loss-payable mortgagee, Rosenbaum, herself, became a bidder for the property at the foreclosure sale; she bid $24,898, the full amount of the debt. The property was struck off to her and deeded to her for that amount; the trustee was thereupon obliged to apply the amount of the bid to the satisfaction of the debt.

"The deed of trust, under which the foreclosure was held, provided that in the event of default, bene-

ficiary shall cause the trustee to execute a written notice of such default and of her election to cause to be sold the described property or to satisfy the obligations thereof.

"It obliged the trustee, in the event of default, to sell the property 'at public auction to the highest bidder for cash' and to deliver to the purchaser its deed conveying the property so sold. It provided that any person, including the trustor, the trustee or beneficiary, might purchase at the sale.

"It then provided that, after deducting all costs, fees and expenses of the trustee, the trustee 'shall apply the proceeds of sale to payment of all sums expended under the terms hereof, not then repaid, with accrued interest at 7% per annum; all other sums secured hereby; and the remainder, if any, to the person or persons legally entitled thereto.'

"The trust deed also provided that the recitals in the trustee's deed of any matters or facts shall be conclusive proof of the truthfulness thereof.

"It is clear, therefore, that the procedure under the deed of trust, and the legal effect thereof, was to be precisely the same whether the property was struck off to the mortgagee as a bidder or to a stranger bidding for the property.

"In either case, the trustee was obliged to sell for cash and to apply the bid to the satisfaction of the debt secured by the property.

"In the present case the bid was sufficient to satisfy the entire debt and the trustee was obliged to credit the mortgagor to that extent.

"Of course, the situation would have been different if the loss-payable mortgagee, Rosenbaum had bid less for the property, as was her right. In such case, a deficiency balance of the debt would have remained for which she would have had an entitlement out of the insurance policy. The extinguishment of the mortgage or deed of trust by the foreclosure would not have affected her right to be paid the remainder of the debt under the policy.

"However, this was not done. Presumably, Rosenbaum bid what she thought the security property to be worth in its condition at the time of her bid. To bid more than the property was then actually worth was not required of her, nor would such a bid be sensible.

"When the trustee accepted the amount of her bid, equal to the balance of the debt, crediting the debtor-mortgagor with that amount, the debt was thereby extinguished, making Rosenbaum the owner of the property.

"If under these circumstances it were held that Rosenbaum, nevertheless, is entitled to receive $24,898, or such amount as may be payable under the fire insurance policy, she would be receiving money for a claim against the mortgagor, already extinguished, and, at the same time, would have the mortgagor's property—obviously a double recovery."

We have considered all of the points urged on this appeal by appellant but find none of them persuasive.

The judgment of the District Court is affirmed.