327 So.2d 891 (1976)
NORFOLK & DEDHAM MUTUAL FIRE INSURANCE COMPANY, Appellant,
v.
W.R. SCHLEHUBER, Appellee.
No. 75-145.
District Court of Appeal of Florida, Third District.
February 17, 1976.
Rehearing Denied March 23, 1976.
George J. Baya, Miami, for appellant.
Alfred D. Bieley, Miami, for appellee.
Before PEARSON, HENDRY and NATHAN, JJ.
PER CURIAM.
The defendant insurance company appeals a final judgment enforcing its fire insurance policy and assessing damages thereon. The principal question presented is whether the trial court followed this court's mandate in the opinion which is reported as Schlehuber v. Norfolk & Dedham Mutual Fire Ins. Co., Fla.App. 1973, 281 So.2d 373. In that opinion, we held:
* * * * * *
"Accordingly, the summary final judgment entered in this cause is affirmed as *892 to the denial of the equitable remedy of reformation and is reversed as to the denial of appellant's prayer for a declaratory judgment directing the appellee to make payment under the mortgagee payment clause. The cause is remanded to the trial court with directions to enter a judgment in accordance with the holdings contained herein and with the further provision that the court may take additional evidence upon any fact which it may find disputed."
* * * * * *
Acting upon our mandate, the trial court in its judgment found:
* * * * * *
"4. That there were two mortgagees whose interests preceded the Plaintiff's as first and second mortgagees-loss payees and these were one Ernest H. Guise and Frances G. Guise, his wife, second mortgagees, and Jack Sivin, which said mortgage was later assigned by the Estate of Jack Sivin to Norman Sivin, Lillian Eddy and Molly D. Brophy, which said mortgage was collected by the City National Bank of Miami and at the time of Trial, the balance still owing to the first mortgagees by the Plaintiff Schlehuber, was in the sum of $1,524.98 and the second mortgage heretofore owing Guises' had been satisfied in full by the Plaintiff subsequent to the fire loss."
* * * * * *
The court further found that the building was totally destroyed by a fire which occurred on April 1, 1968. The judgment awarded to the plaintiff in trust for Norman Sivin, Lillian Eddy and Molly D. Brophy, the sum of $1,524.98 which it found to be the balance due on that mortgage at the time of the trial. The court found that the second mortgage held by Ernest H. Guise and Frances G. Guise, his wife, had been satisfied in full by the plaintiff subsequent to the fire loss.
Thereupon, the court made an additional award to the plaintiff as follows:
* * * * * *
"5. That by virtue of the failure and refusal of the Defendant to pay this fire loss, the Plaintiff is entitled to be paid the full amount of the loss, plus lawful interest from the time of said loss to date, less the balance due and owing the first mortgagees, as herein noted, plus Court costs and attorney's fees; and that the interest computed to date from the time of the fire loss equals $2,841.60 which when added to the total loss of $7,300.00, comes to a total sum of $10,141.60. From this sum, $1,524.98 shall be deducted and shall be paid to the mortgagees herein."
* * * * * *
The defendant urges that the trial court misconstrued the legal effect of our holding in the opinion cited above. We agree. We held simply that because the plaintiff was trying to enforce the insurance policy issued by the defendant on property that the plaintiff had purchased, the plaintiff was not entitled to enforce the policy as to its own interest thereon. We held, however, that the plaintiff, as a third party beneficiary, could enforce the mortgagee payment clause and, in so holding, stated that the plaintiff could enforce the promise of the insurance company to "pay to the mortgagees the extent of their loss as their interests appear."
The rights of a loss-payable mortgagee are determined as of the time of the loss. See Rosenbaum v. Funcannon, 308 F.2d 680 (9th Cir.1962); and Whitestone Savings & Loan Ass'n v. Allstate Ins. Co., 28 N.Y.2d 332, 321 N.Y.S.2d 862, 270 N.E.2d 694 (1971). It is apparent, therefore, that the trial court erred in determining that the plaintiff's rights to recover on the first mortgage were limited to the amount due at the time of the trial, that is, limited to the $1,524.98 for which judgment was entered. The amount to be recovered by the plaintiff because of the first mortgage is the amount due upon that *893 mortgage at the time of the loss, together with the interest allowed by law.
The amount to be recovered by the plaintiffs because of the second mortgage should be determined under the same principles. The fact that the mortgage has been satisfied in no way affects the right to recovery. That right was fixed as of the date of the loss.
That portion of the judgment which holds that plaintiff is entitled to be paid the full amount of his loss is without basis in our prior decision and is, therefore, reversed.
Accordingly, the cause is remanded with directions to take such additional testimony and evidence as the trial judge shall find necessary and proper and for the entry of a judgment for plaintiff in the amounts due on the first and second mortgages as of the date of the loss, together with interest, costs and attorney's fees.
Reversed and remanded with directions.