HARRY CALLAHAN; ELIZABETH G. CALLAHAN; ANN C. LYONS; LYLA C. SULLIVAN; ETHEL C. HANNA; JACK CALLAHAN; JESSIE C. BOWDEN; GEORGE CALLAHAN; EDWARD PECKHAM; DONALD PECKHAM; MARY P. VAN SLYCK; BARBARA DAVIS AND GLORIA MILLEROV, APPELLANTS, *v.* FIRST COMMERCIAL TITLE, INC., A CORPORATION; DENNIS E. MALONEY; REALTY ASSETS, INC., A NEVADA CORPORATION, RESPONDENTS.

No. 9958

June 14, 1979             596 P.2d 236

*Vargas, Bartlett & Dixon,* Reno, for Appellants.

*Streeter, Sala & McAuliffe,* Reno, for Respondent First Commercial Title, Inc.

*Erickson, Thorpe & Swainston, Ltd.,* Reno, for Respondents Dennis E. Maloney and Realty Assets, Inc.

## OPINION

*Per Curiam:*

On December 23, 1970, appellants sold 32 acres of real property located in Washoe County to the predecessor in interest of respondents Maloney and Realty Assets, Inc., taking back a note secured by a deed of trust on the property. Respondent First Commercial Title, Inc., was subsequently appointed trustee.

On April 27, 1973, respondent title company released, by deed of partial reconveyance, 3.897 acres to the buyers. Appellants, as beneficiaries of the deed of trust, brought suit against respondents for impairment of security alleging that respondents negligently released the acreage because they had not, in releasing the property, complied with the terms of the release clause in the deed of trust. Appellants subsequently foreclosed on the property and, at the trustee's sale on February 19, 1975, bid the full amount of the balance due on the promissory note.

Each party filed a motion for summary judgment, pursuant to NRCP 56. The district court granted respondents' motions and this appeal followed.

Respondents contend that appellants were not damaged by the release since their bid at the trustee's sale constituted full satisfaction of the indebtedness. We agree.

Although the extinguishment of a deed of trust by sale of the property at foreclosure does not necessarily extinguish the underlying debt, Rosenbaum v. Funcannon, 308 F.2d 680 (9th Cir. 1962), the debt remains only to the extent that it is unpaid. *Cf.* NRS 40.459. Here, appellants bid the full amount of the balance due on the note at the foreclosure sale, thus leaving no portion of the note unpaid and thereby extinguishing the debt. *See* Hellman v. Capurro, 92 Nev. 314, 549 P.2d 750 (1976). Accordingly, appellants have neither money due them on the note, nor any further security interest in the property and, therefore, they could suffer no damages as a result of any

impairment of security that may have been caused by the release of acreage by respondent title company.

Affirmed.