393 So.2d 1124 (1980)
SOUTH CAROLINA INSURANCE COMPANY, Appellant/Cross-Appellee,
v.
PENSACOLA HOME & SAVINGS ASSOCIATION, Appellee/Cross-Appellant.
No. VV-271.
District Court of Appeal of Florida, First District.
December 9, 1980.
On Rehearing and Clarification February 13, 1981.
L. Kathleen Horton, of Clark, Partington, Hart & Hart, Pensacola, for appellant/cross-appellee.
Charles L. Hoffman, Jr., of Shell, Fleming, Davis & Menge, Pensacola, for appellee/cross-appellant.
LILES, WOODIE A., Associate Judge (Retired).
South Carolina Insurance Company (Appellant) appeals from an amended summary judgment entered in a suit on a fire insurance policy awarding the Plaintiff, Pensacola Home & Savings Association (Appellee), the sum of $17,265.11 plus interest, attorney's fees, and costs. Appellant contends that it was only liable to Appellee for the amount of $10,705.16. Appellee cross-appeals, asserting that it is entitled to a judgment for $21,000.00 plus interest, attorney's fees and costs.
The material facts to this appeal are undisputed. Appellee held a mortgage on certain real property owned by G.F.G. Builders, *1125 Inc., which was not a party to this action. The mortgage required G.F.G. to obtain a fire insurance policy naming Appellee as the loss-payable mortgagee. Appellee's interest in the policy was as follows:
Loss, if any on the property subject to this clause as specified on the reverse side, shall be payable to the mortgagee (or trustee) as provided herein, as interest may appear, and this insurance, as to the interest of the mortgagee (or trustee) only therein, shall not be invalidated by any act or neglect of the mortgagor or owner of the within described property, or by any foreclosure or other proceedings or notice of sale relating to the property, nor by any change in the title or ownership of the property, nor by the occupation of the premises for purpose more hazardous than are permitted by this policy: Provided That in any case the mortgagor or owner shall neglect to pay any premium due under this policy, the mortgagee (or trustee) shall, on demand, pay the same.
The face amount of the insurance policy was $21,000.00. Appellee filed suit to foreclose upon its mortgage on December 16, 1977. On December 20, 1977, a fire caused $21,450.00 damage to the insured property. The mortgage debt at the time of the fire was $22,765.11. A final judgment of foreclosure was entered, finding the amount due under the note and mortgage to be $24,705.16. At a judicial sale, Appellee purchased certificate of title on the property for $14,000.00. Appellee then filed suit seeking the full $21,000.00 insurance proceeds. Appellant filed its answer and affirmative defense, asserting that Appellee was entitled to recover only $10,705.16 (the amount due under the note and mortgage less the amount realized at the foreclosure sale). Appellee replied and asserted that its $14,000.00 bid was the result of an error and was greatly in excess of the value of the property. By affidavit of its assistant secretary/assistant treasurer, Appellee also asserted that the real value of the property at the time of the foreclosure sale was $5,500.00. Both parties moved for summary judgment in the above-noted amounts. The trial court entered a final judgment finding for Appellee in the amount of $17,265.11 (the mortgage balance on the date of the fire less the appraised value of the property after the fire) plus costs and attorney's fees. We reverse.
Where a fire loss occurs and a losspayee is thus vested with rights under the insurance policy, subsequent partial or full extinguishment of the debt giving rise to the insurable interest will reduce the losspayee's interest in the proceeds to the extent that the debt has been satisfied. Rosenbaum v. Funcannon, 308 F.2d 680 (9th Cir.1962); Lutheran Brotherhood v. Hooten, 237 So.2d 23 (Fla.2nd DCA 1970). The underlying policy behind this result is best expressed as follows:
"The creditor's interest in the insurance proceeds is recognized as security for the payment of the debt. The insurance is an alternative source of payment and once the debt is paid by some other means any right to the insurance is thereby extinguished. Equity requires that subsequent events such as payment of the underlying debt not be ignored when the court distributes the insurance proceeds." Calvert Fire Insurance Co. v. Environs Development Corp., 601 F.2d 851, 856 (5th Cir.1979).
Therefore, we conclude that Appellee's interest in the insurance proceeds has been reduced to the extent of its bid on the foreclosed property. See Mortgage Securities, Inc. v. South Carolina Insurance Co., No. C 78-12805 A (N.D.Ga. September 23, 1980). We also note that Appellee is bound by its bid of $14,000.00. See Calvert Fire Insurance Co., supra; Nationwide Financial Corp. v. Banks, 147 Ga. App. 73, 248 S.E.2d 54 (1978); Whitestone Savings & Loan Association v. Allstate Insurance Company, 28 N.Y.2d 332, 321 N.Y.S.2d 862, 270 N.E.2d 694 (1971). Accordingly, we reverse the *1126 decision of the trial court and amend the judgment to reflect an award of $10,705.16.
REVERSED.
ROBERT P. SMITH, Jr. and THOMPSON, JJ., concur.

ON MOTION FOR CLARIFICATION AND REHEARING
LILES, WOODIE A. (Retired), Associate Judge.
Appellee requests a rehearing and clarification of the Court's original opinion which would remand the case to the trial court for an award of interest, costs, and attorney's fees incurred at the trial level.
Appellee, as the loss-payable mortgagee under the insurance policy, is deemed "an insured" pursuant to Section 627.428(1), Florida Statutes, and thus is entitled to attorney's fees. Vermont Mutual Insurance Company v. Bolding, 381 So.2d 320 (Fla. 5th DCA 1980). Further, Appellee is still entitled to these fees since the $10,705.16 awarded by this Court exceeds the liability recognized by Appellant in the trial court. Indeed, Appellant asserted in its answer that only $8,765.11 was owed. This position was reasserted in its motion for summary judgment. It was not until the day of the hearing on the motions for summary judgment that Appellant conceded that $10,705.16 plus interest was owed. This delay in offering to pay the proper amount due under the insurance policy amounts to a wrongful withholding and justifies an award of attorney's fees. See Employers' Liability Assurance Corporation v. Royals Farm Supply, 186 So.2d 317, 321 (Fla. 2nd DCA 1966).
Accordingly, we remand to the trial court for assessment of interest, costs, and attorney's fees based upon the reduced amount awarded by this Court.
The Motion for Rehearing and Clarification is granted, and the cause is remanded for further proceedings consistent with this opinion.
ROBERT P. SMITH, Jr. and THOMPSON, JJ., concur.