979 F.2d 854
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Altus BANK, a Federal Savings Bank, Plaintiff-Appellant,
v.
STATE FARM FIRE AND CASUALTY COMPANY, Defendant-Appellee.
 No. 91-55329.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 4, 1992.
Decided Nov. 19, 1992.
 
 Before D.W. NELSON, CYNTHIA HOLCOMB HALL and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Altus Bank appeals from an order granting summary judgment in favor of State Farm in an action arising from State Farm's refusal to pay the bank's claim under a fire insurance policy. Altus Bank's complaint alleged breach of contract, breach of the covenant of good faith and fair dealing, and fraud, and requested that a trustee's sale of the insured property be set aside. State Farm refused to pay on the claim on the ground that Altus, the mortgagee of the insured property, made a "full-credit" bid at a foreclosure sale of the property, thereby extinguishing its claim under the insurance policy. Viewing the evidence in the light most favorable to Altus, we find that no genuine issues of material fact exist and that the district court correctly applied the law. We therefore affirm.
 
 I.
 
 3
 The rule that a mortgagee's insurable interest is limited to the amount of the debt is well settled in California law. A line of California and Ninth Circuit cases have clearly held that when a mortgagee makes a full-credit bid upon foreclosure, as Altus Bank did here, the mortgagee no longer has any interest in insurance on the property. The full-credit bid rule therefore precludes Altus Bank's claim as a matter of law. See Reynolds v. London & Lancashire Fire Ins. Co., 128 Cal. 16, 19-20 (1900); Rosenbaum v. Funcannon, 308 F.2d 680, 684-85 (9th Cir.1962); Universal Mortgage Co., Inc. v. Prudential Ins. Co., 799 F.2d 458, 460 (9th Cir.1986).
 
 
 4
 We agree with the district court's assessment in its order granting summary judgment that the result of Altus Bank's full-credit bid is no different than if Altus had tendered cash to purchase the mortgaged property, or than if some other purchaser had bought the property at the foreclosure sale for the same amount of money. As the district court stated, "[t]he dollar amount of the proceeds establishes the amount to be applied to extinguish the debt, regardless of the form in which the proceeds are tendered or of the identity of the purchaser." Altus could have let the property go to the highest bidder, or could have itself bid only the actual value of the property, and then would have been able to collect from State Farm the difference between the bid and the mortgage debt (up to the policy limit). Altus can not now blame State Farm for its failure to do so.
 
 II.
 
 5
 Altus Bank argues that State Farm should be estopped from asserting the full-credit bid rule because of State Farm's (1) assurances of payment, (2) breach of a duty to inform Altus of the rule, and (3) bad faith evidenced by unreasonable delay in payment. Altus Bank has not raised any genuine issues of material fact with respect to these asserted bases for estoppel; we therefore reject the bank's argument.
 
 
 6
 Altus points to two assurances of payment by State Farm, and essentially argues that these assurances induced it to make a full-credit bid believing that its bid would not affect its entitlement to the insurance proceeds. One of these assurances, a letter to Westwind (Altus Bank's predecessor in interest) from State Farm's counsel stating that the claim would be honored, Altus did not even discover until this litigation began. Thus, Altus could not possibly have relied on that statement, and State Farm could not possibly have intended Altus to rely on that statement considering that it was made to Westwind. The second alleged assurance was a December 1988 oral statement by State Farm counsel Katherine Taub to Altus employee Lynn Owens that payment would be made. Altus has put forth no evidence that State Farm had any reason to know Altus was ignorant of the full-credit bid rule, that State Farm intended Altus to rely on this statement in deciding how to bid upon foreclosure, or that Altus actually did rely on this statement in making its bid. Altus has cited no cases demonstrating that State Farm's conduct is sufficient to support estoppel based on assurances of payment. Cf. Morgan v. International Aviation Underwriters, Inc., 250 Cal.App.2d 176 (Cal.Ct.App.1967) (insurer estopped from asserting one-year contractual limitation on suit because of repeated misleading statements and false promises during extended settlement negotiations).
 
 
 7
 In addition, Altus has shown no legal support for the proposition that State Farm had a duty to inform Altus of the full-credit bid rule. In each of the cases on which Altus relies, the courts found that insurers in certain situations have a duty to inform insureds concerning provisions or limitations of an insurance policy. None of the cases found a duty to inform the insured of a legal rule outside of the policy. See Davis v. Blue Cross of Northern California, 25 Cal.3d 418, 424 (1979) (in bank); Sarchett v. Blue Shield of California, 43 Cal.3d 1 (1987) (in bank); Westrick v. State Farm Insurance, 137 Cal.App.3d 685 (Cal.Ct.App.1982).
 
 
 8
 Altus also has not put forth any evidence suggesting that State Farm had reason to know Altus was unaware of the full-credit bid rule, and no obvious disparity of knowledge exists here, considering that Altus is a bank that often deals with foreclosures. Furthermore, contrary to Altus's assertions, the bank has not demonstrated that State Farm owed fiduciary duties to Altus, upon which a duty to inform might be based. See Henry v. Associated Indemnity Corp., 217 Cal.App.3d 1405, 1418-19 (Cal.Ct.App.1990) (no support in case law for theory that insurers owe fiduciary duties to insureds). As the district court pointed out, Altus itself bore a duty to advise its attorneys of the outstanding insurance claim. Moreover, the bank's attorneys should have inquired whether the mortgage interest was insured and should have advised the bank of the consequences of a full-credit bid.
 
 
 9
 Furthermore, we agree with the district court that Altus has provided no explanation for its implication that State Farm had reason to speculate that the bank would make a mistake by bidding beyond the value of the property. Without such an explanation, we find no support for the bank's assertion that State Farm deliberately and unreasonably delayed payment in the hope that Altus would make such a mistake.
 
 III.
 
 10
 We also find no basis for Altus Bank's argument that Judge Letts should have disqualified himself under 28 U.S.C. § 455 from hearing State Farm's second summary judgment motion. Section 455 requires recusal only if the judge's alleged bias or prejudice "stems from an extrajudicial source and not from conduct or rulings made during the course of the proceeding." Toth v. Trans World Airlines, Inc., 862 F.2d 1381, 1388 (9th Cir.1988). Though Judge Letts did verbally rebuke Altus Bank's counsel, Thomas Holthus, at the October 26, 1990, status conference, the evidence only suggests that Judge Letts was angry at Holthus due to his conduct in the litigation. See Noli v. Commissioner, 860 F.2d 1521, 1527-28 (9th Cir.1988) (judge's comments did not demonstrate pervasive bias or prejudice, only reflected that judge was appropriately upset with petitioners' conduct in stalling trial). Furthermore, there is no evidence that Judge Letts was prejudiced against Altus itself. Therefore, Judge Letts did not abuse his discretion in denying Altus's oral motion for recusal. United States v. Payne, 944 F.2d 1458, 1476 (9th Cir.1991), cert. denied, 112 S.Ct. 1598 (1992) (district judge's denial of motion for recusal reviewed for abuse of discretion).
 
 IV.
 
 11
 In addition, we conclude that summary judgment was proper on Altus Bank's claims for breach of contract, fraud, and breach of the covenant of good faith and fair dealing. Altus has raised no material disputed questions of fact on any of these claims.
 
 
 12
 Altus contends that the terms of the lender's loss payable endorsement in the insurance contract preclude application of the full-credit bid rule. But Altus has failed to demonstrate that any of the policy provisions might bar application of the rule, and has provided no authority to substantiate the proposition that an insurer must include in the terms of a policy any legal rules that might affect the rights of a loss payee. Furthermore, Altus Bank's argument that State Farm committed fraud by delaying payment of the claim until after the foreclosure sale rests on nothing more than bald assertions of intentional misconduct unsupported by the record.
 
 
 13
 Altus argues that the three asserted grounds for estoppel discussed in Section II above also constitute grounds for a tort action for breach of the covenant of good faith and fair dealing. Altus relies on the same facts and theories here as in its three-part estoppel claim; we therefore resolve this claim in the same manner and for the same reasons, and hold that Altus has raised no genuine issues of material fact or points of law in its favor.
 
 
 14
 Finally, Altus asserts that its ability to demonstrate that triable issues of fact remain in this action was impeded by the district court's denial, after an in camera inspection, of the bank's motion to compel discovery of State Farm attorney Judy Johnson's files. Altus has provided no authority that suggests a denial of a motion to compel in these circumstances constitutes abuse of discretion. See United States v. Bourgeois, 964 F.2d 935, 937 (9th Cir.), cert. denied, 61 U.S.L.W. 3264 (U.S., Oct. 5, 1992) (discovery questions reviewed for abuse of discretion). We see no reason to reverse the district court's denial of Altus Bank's motion to compel.
 
 
 15
 The district court's grant of summary judgment in favor of State Farm is AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3