MIDLANTIC NATIONAL BANK, Respondent, v MID ROCKLAND MEDICAL CENTER et al., Defendants, and ARTHUR S. FRIEDMAN, Appellant. [644 NYS2d 445] —Yesawich Jr., J.

In opposition to plaintiff's motion to confirm the mortgage foreclosure Referee's report of sale and to obtain a deficiency judgment (see, RPAPL 1371 [1]), defendants, relying on figures contained in the report of sale and other relevant documentation, asserted that plaintiff had bid the full amount of the debt due and is thereby precluded from obtaining a deficiency judgment (see, Whitestone Sav. & Loan Assn. v Allstate Ins. Co., 28 NY2d 332, 335).

Because the parties submitted conflicting evidence with respect to the amount that was in fact bid, a hearing was held, at which the Referee testified, on the basis of notes she had made at the time of the sale, that plaintiff had bid only $1 million for the property. Her lack of familiarity with the procedures involved in conducting a judicial foreclosure sale of commercial property, the Referee averred, had led her to misstate the bid or sale price in the report of sale, and to execute the deed and tax form (which contained similarly erroneous representations as to the amount bid) without questioning the amounts that had been recorded thereon. Supreme Court found this testimony credible and granted plaintiff judgment in the amount of $2,834,517.18, representing the excess of the amount it was owed, plus proper expenses, over the market value of the property, which had been established by plaintiff's appraiser to be $2 million (see, RPAPL 1371 [2]). Defendant Arthur S. Friedman (hereinafter defendant) appeals.

Defendant contends that since the Referee's report of sale, the deed, a gains tax form and an affidavit submitted by plaintiff's attorney in support of the motion to confirm all state that plaintiff bid $4,577,774.86, Supreme Court improperly credited the Referee's contradictory testimony. Based on the record as a whole, however, we find the court's evaluation of the conflicting evidence reasonable, and therefore affirm.

Internal inconsistencies in the report of sale support the Referee's averment that she did not adequately comprehend the meaning of the figures to be set forth therein. While this document does not directly establish the $1 million bid price, it

does provide substantial support for the Referee's testimony that, being a novice in this area of practice, she incorrectly placed the mortgage amount due where the bid price should have been recorded. As for the tax form and deed, the Referee attested that the figures in question were placed on these forms by plaintiff's representative, who was apparently similarly confused about the proper numbers to use, and merely copied the figures from the report of sale. And, the attorney's affidavit is not conclusive, for it merely recites what the report of sale reflects was the purchase price, not that plaintiff actually bid that amount.

In any event, the Referee's contemporaneous notes amply corroborate her avowal that the actual amount bid was $1 million and, according due deference to Supreme Court's superior vantage point from which to gauge credibility, we cannot say that the countervailing evidence was so strong as to require a different outcome (see, Marren v State of New York, 142 AD2d 717, 718-719).

Mikoll, J. P., Crew III, Peters and Spain, JJ., concur. Ordered that the order and judgment are affirmed, without costs.